PASQUALE VALENTE vs. GENNARO DELUCIA.

Third Judicial District, New Haven, June Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A defendant who fails either to plead, as a defense, the fraud disclosed by the evidence during the trial, or to make any attempt to re-open the case for that purpose after the necessity for such a plea had been made apparent through the decision of the trial court, is in no position to ask for a new trial upon the ground of inadvertent mispleading; especially if it also appears from the allegations of his own petition that he not only took issue with the court on the original trial as to the necessity of filing such a plea in order to avail himself of the facts constituting the alleged fraud, but also pursued his contention, though unsuccessfully, on appeal to this court. Under such circumstances, neither the terms of the statute (§ 815) nor the policy of the law warrant the indulgence of a new trial.

Argued June 10th—decided July 12th, 1910.

PETITION for a new trial for mispleading, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson J.*, upon a demurrer to the complaint; the court sustained the demurrer and adjudged the complaint to be insufficient, from which judgment the plaintiff appealed. *No error.*

Upon the original trial in the Court of Common Pleas, judgment was rendered for DeLucia to recover of Valente $212 as a broker's commission. The present

plaintiff appealed from that judgment to this court, but without success. See, *ante*, p. 107.

This application is based upon the claim that the plaintiff had a good and sufficient defense to such action, but inadvertently and without negligence failed to plead it. This defense was fraud on the part of DeLucia, and is fully set forth as part of the petition for a new trial. The substance of this defense is that the agents of a buyer and seller of land, without the knowledge of their principals, agreed on a division of commissions. The original suit, including the pleadings, the decision and finding of the trial court, and the decision of the Supreme Court of Errors upon the appeal, are made a part of this application.

The defendant demurred to this complaint, for reasons which sufficiently appear in the opinion. The court below sustained the demurrer, held the complaint insufficient, and rendered judgment for the defendant to recover his costs; and from this judgment the plaintiff appeals.

*David H. Slade*, for the appellant (plaintiff).

*Ward Church*, for the appellee (defendant).

ROBINSON, J. We agree with the court below that this complaint is insufficient. There is no allegation in it that the plaintiff has any evidence to sustain his alleged defense other than that proving the facts found by the judge on the former trial; and further, it appears in the record before us that the plaintiff's counsel admits that he has no new evidence. He must rely upon the facts shown upon the former trial and found by the court.

The mistake which the plaintiff sets up as the basis of this application is, that his counsel on the former

trial failed to file a proper answer in the original action. He says he failed to set up the defense of fraud as it appears in his present application and on the original trial.

The court below held that these facts, even if properly pleaded, were insufficient; and also denied the application on the ground that even if the facts were sufficient, they were known both to the plaintiff and to his counsel on the former trial and during the course of it, and that they should have asked for leave to amend on that trial.

The plaintiff claims that the omission to make this defense on the former trial was inadvertent, and through no fault or negligence of counsel, but his application makes no further explanation. It appears in this application that the facts now relied upon to support it were apparent on the former trial, so much so that the court considered them, and their legal bearing and effectiveness. All this is spread upon the record. Yet the plaintiff did not ask to be permitted to amend his answer, either when the evidence was coming in, or at the close of the evidence; nor even after he found what view the court took in its decision of the legal effect of these facts, and the necessity of making them a part of his answer if he really wished to claim them in defense, did he make any attempt to be allowed to amend or to have the case opened so that he could amend. He sought, rather, to test the accuracy of the decision of the court below as to this very matter.

He was sufficiently apprised of the facts and apprised of them in a timely way, and the court distinctly and correctly pointed out the necessities of his case, but he chose rather to take issue with the court, and to deny the accuracy of its ruling, and instead of adopting the only proper course, took an appeal to this court, where the question was decided against him. Now he comes

here with this application for a new trial, that he may set up these very matters in defense and get the benefit of them as a defense. He could have had the benefit of them before, had he not with apparent deliberation determined and insisted that he was entitled to the benefit of them in another way. Having failed in this he wishes to be permitted to try again. There is nothing in the statute under which he brings this action, or in the policy of the law of the State, to warrant such indulgence.

There is no error in the judgment.

In this opinion the other judges concurred.