## TILO COMPANY *v.* JOSEPH FISHMAN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued December 5—decided December 20, 1972

*Raphael Korff,* for the appellant (plaintiff).

*Sydney C. Kweskin,* with whom was *Emil H. Frankel,* for the appellee (defendant).

LOISELLE, J. The plaintiff brought an action against the defendant on a promissory note and obtained a judgment. The court's memorandum of decision was dated July 24, 1970, and the judgment in favor of the plaintiff was rendered on August 3, 1970. For some unexplained reason the parties to the action were not notified of the judgment until November 4, 1970.

In a petition for a new trial the plaintiff alleged that because of the late notice of the judgment, the time within which an appeal could have been taken had expired. The plaintiff asserted that the delay in notice resulted in the loss of its right to appeal the judgment which it claims is inadequate and unjust and the plaintiff further claims that it has lost the opportunity to have a special finding of facts made in accordance with General Statutes § 52-226 (see Practice Book § 265) and has lost the benefit of an attachment. The defendant demurred to the complaint and stated as a ground that the plaintiff should have taken an appeal. The defendant also alleged facts not within the complaint, thus making his demurrer a "speaking demurrer." *Bulkley* v. *Norwich & W.R. Co.,* 81 Conn. 284, 287, 70 A. 1021. These extraneous facts are surplusage and are of no import. The demurrer did allege, however, that the plaintiff should have appealed. The court sustained the demurrer and ordered entry of judgment on the pleadings.

The only claim of error raised in the assignment of error and briefed by the parties, and, conse-

quently, the only issue considered by this court in the appeal, is the claim by the plaintiff that because of the late notice of judgment its right of appeal was lost and, therefore, "reasonable cause" existed under General Statutes § 52-270 to seek a new trial. A fair opportunity to have a case heard on appeal is within the meaning of the term "reasonable cause" specified in General Statutes § 52-270. *Dudley* v. *Hull,* 105 Conn. 710, 719, 136 A. 575. The granting of a new trial "is an additional safeguard to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." *Krooner* v. *State,* 137 Conn. 58, 60, 75 A.2d 51.

Practice Book § 317 requires the clerk of the court to give notice to the attorneys of record of all judgments. It also specifically provides that "[i]n case of appellate proceedings thereon, the time limited by law for commencing such proceedings shall date from the time when such notice is issued by such clerk." Practice Book § 601 provides that an appellant shall file the appeal within twenty days "from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken." There was no need to determine when in fact the notice was issued as the demurrer admitted the date of November 4, 1970, claimed by the plaintiff. See *State ex rel. Baskin* v. *Bartlett,* 132 Conn. 623, 626, 46 A.2d 335.

Although a mistake or accident in the office of the clerk of the Court of Common Pleas resulted in a delay in the issuance of notice of the decision, it is clear that this oversight did not cause the plaintiff to lose its right of appeal. The plaintiff had twenty days after the issuance of notice of the judgment

and decision within which to file the appeal and could have filed an appeal at any time within twenty days of November 4, 1970.

A petition for a new trial does not furnish a substitute for or an alternative to an ordinary appeal. *State* v. *Grimes,* 154 Conn. 314, 325, 228 A.2d 141; see also *Black* v. *Universal C.I.T. Credit Corporation,* 150 Conn. 188, 193n., 187 A.2d 243. The demurrer was, therefore, properly sustained. The plaintiff did not allege facts which would, in conformity with the settled construction of the statute, equitably entitle it to a new trial on the ground claimed. *Black* v. *Universal C.I.T. Credit Corporation,* supra, 193; *Lancaster* v. *Bank of New York,* 147 Conn. 566, 579, 164 A.2d 392.

There is no error.

In this opinion the other judges concurred.