[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR NEW TRIAL
In this malpractice case, of November 26, 1991, the court directed a verdict for the defendant and thereafter, on December 2, 1991, the plaintiff filed a motion for a new trial.
The matters alleged in the motion would more properly be matters that might be considered in a motion to set aside the verdict. Our new trial procedure does not furnish a substitute for or an alternative to, either a motion to set aside a verdict, or an appeal based on the denial thereof. Tilo Co. v. Fishman, 164 Conn. 212, 215. Conn. Gen. Stat. 52-270 provides the authorization and scope of a request for a new trial. The proceeding is essentially equitable in nature and, "a plaintiff has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the CT Page 172 statute, entitle him to a new trial on the grounds claimed." Black v. Universal C.I.T. Credit Corporation, 150 Conn. 188,192, 193.
As has been noted, the facts alleged in this motion are facts ordinarily alleged in a motion to set aside a verdict, or, an appeal. There is no claim of mispleading, the discovery of new evidence or want of actual notice of the action, to the plaintiff, of either the entry of a nonsuit or dismissal for failure to prosecute, as is provided as causes for a new trial under Conn. Gen. Stat. 52-270.
The motion must be denied.
BELINKIE, STATE TRIAL REFEREE