[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The Plaintiff alleges that he was injured on September 19, 1984, as a result of a negligence of the Defendant. The Plaintiff engaged Attorney David Kamins to represent him in connection with injuries that he sustained. On May 16, 1986, Plaintiff, by his Attorney, commenced action, Docket No. CV 86-0086009 S, entitled Francis Brunner v. Amtrak, in the Judicial District of New London at Norwich. On June 17, 1988, the Superior Court entered a judgment of dismissal for failure to prosecute with reasonable diligence.
The computer-generated notice of the judgment of dismissal, dated June 25, 1988, sent by the Court to counsel of record, stated as follows: "Motion to Open Judgment of Dismissal must be filed within four months succeeding the date on which it was rendered." The plaintiff did not file a motion to open the Judgment within four months nor did the plaintiff within one year commence a new action for the same cause pursuant to Section 52-592, the accidental failure of suit statute. More than 18 months after the judgment of dismissal, the plaintiff in January, 1990 filed the instant CT Page 8599 complaint for new trial. The complaint also alleges that Attorney Kamins allowed the deadlines to expire for filing a motion to reopen and for filing a new action under the accidental failure suit statute and that the plaintiff did not himself become aware of this until it was too late. The present suit has been filed pursuant to C.G.S. Section 52-270
which provides in part as follows:
 (a) The superior court may grant a new trial of any action that may come before it, for . . . want of actual notice to any plaintiff of the entry of . . . a dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause. . . The judges of the superior court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties of their counsel have not adequately protected their rights during the original trial of an action.
 (b) An affidavit signed by any party or his attorney shall be presumptive evidence of want of actual notice.
The parties have also stipulated to the following facts:
 (1) In April 1988, Judge Mary Hennessey signed an order directing Mr. Kamins to appear at Hartford Superior Court at 10:00 a.m. on June 17, 1988 for a grievance hearing to determine whether disciplinary action should be taken against him.
 (2) On June 17, 1988, Judge William R. Shaughnessy at 10:31 a.m. defaulted Mr. Kamins for failure to appear at Hartford Superior Court and suspended him from practice until further order of the court.
 (3) Also on June 17, 1988, plaintiff Brunner's original action was dismissed by the Norwich Superior Court for failure to prosecute with reasonable diligence.
 (4) On June 25, 1988, the Norwich Superior Court sent its computer-generated notice of dismissal to counsel of record. (Mr. Kamins was plaintiff's counsel of record.)
 (5) In a pleading dated June 26, 1988 filed in Hartford Superior Court, Mr. Kamins moved the CT Page 8600 court to set aside the June 17, 1988 order of default and suspension. In his motion, Mr. Kamins stated as follows: "On the 17th I went to court at 10:00 a.m. and went right to Judge Mary Hennessey's court on the fourth floor. I went there because she had signed the order to be in court on the 17th and no other court room was indicated on the notice. I talked to the sheriff in the court room about whether Judge Hennessey would be coming out and he said he thought she was off for the day. I then called Attorney Whitehead's office to try to find out what to do."
 (6) On September 28, 1988, apparently acting on Mr. Kamins' motion to set aside, Judge Fracasse vacated the suspension order and placed Mr. Kamins on inactive status until further notice. As of September 28, the four month period to re-open the Brunner judgment had not yet expired.
Whenever any party wishes to contest the legal sufficiency of a complaint, that party may do so by filing a motion to strike the contested pleading or part thereof. Connecticut Practice Book Section 152 (rev'd to 1989). In ruling on a motion to strike, the court is limited to the facts alleged in the addressed pleading. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Fraser v. Henninger, 173 Conn. 52, 60 (1977). In ruling on a motion to strike, the court is also limited to the grounds raised in the motion. Blancato v. Feldspar Corporation,203 Conn. 34, 44 (1987).
In considering a motion to strike, the court construes the allegations in a manner most favorable to the pleader. Id. at 36. All well pleaded facts are admitted as true, but neither legal conclusions nor the truth or accuracy of opinions are admitted. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). If the facts provable under its allegations support a defense or a cause of action, the motion to strike must fail. Id. at 109.
In support of the motion to strike the defendant argues in part as follows:
 The plaintiff did, however, have "actual notice" of the dismissal. As admitted in the complaint, plaintiff engaged the services of counsel, Attorney Kamins, who entered his appearance on May 16, 1986. (Complaint, Exhibit CT Page 8601 A). Notice to a party's attorney, such as the notice attached to the Complaint as Exhibit C, constitutes notice to the party. Indeed, once an attorney has filed an appearance, the Clerk of the Superior Court communicates with a party through the attorney. For example, Practice Book Section 398 states that "[t]he clerk shall give notice . . . to the attorneys of record of all judgments, nonsuits, defaults, decisions, orders and ruling concerning pending cases . . ." The clerk is under no duty to send additional notice to the attorney's clients or to ensure that attorneys of record communicate such notice to their clients. Once the clerk sends notice of a judgment of dismissal to a party's attorney or record, that party has received "actual notice" within the meaning of C.G.S. Section 52-270. This statute cannot be used as a vehicle to redress attorney malpractice, nor can it substitute for a malpractice action against a negligent attorney.
The Court is not persuaded by that argument.
Under the facts of this case, this Court holds that Section 52-170 does apply for two reasons: (1) the plaintiff had "want of actual notice of the entry of dismissal" and (2) other reasonable cause exists in this case.
Two sections of the practice book are relevant to the issue of whether the plaintiff had want of actual notice; namely Section 26 and Section 398. Section 26 of the Practice Book provides in part as follows:
 The clerk for any county in which an attorney is suspended, disbarred, resigned, placed in an inactive status, reinstated, or otherwise formally and publicly disciplined by the court shall forthwith certify such action with the date, the residence of the attorney and a certified copy of the court order to the statewide bar counsel and to the clerk for Hartford county, of all suspensions, disbarments, resignations, placements in inactive status, retirements, revocations of retirements, or reinstatements.
The computer-generated notice of dismissal was sent to Attorney Kamins on June 25, 1988. However, one week earlier on June 17, 1988, Attorney Kamins was suspended from practice CT Page 8602 until further order of the court. The issue before the court is whether a notice to an attorney who has been suspended from practice constitutes notice to the client. This court holds that notice sent by the Clerk's office to an attorney who has been suspended from the practice of law does not constitute actual notice to the client of the attorney.
This court also holds that there is other reasonable cause for denying the motion to strike. In a somewhat analogous case of Tilo Co. v. Fishman, 164 Conn. 212 (1972) the issue was whether a right to appeal a judgment was lost because of late notice of the judgment. The Tilo court held in part at pages 214 as follows:
 A fair opportunity to have a case heard on appeal is within the meaning of the term "reasonable cause" specified in General Statutes Section 52-270. Dudley v. Hull, 105 Conn. 710, 719, 136 A. 575. The granting of a new trial "is an additional safeguard to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." Krooner v. State, 137 Conn. 58, 60, 75 A.2d 51.
Similarly, in this case, there was a mistake or accident in the office of the clerk in sending notice to an attorney who had been suspended from practice. A fair opportunity to have a case heard on its merits is within the meaning of the term "reasonable cause" specified in Section 52-170. A granting of a new trial in this case is an additional safeguard to prevent injustice in a case where the cause of action has been lost as a result of notice having been sent to an attorney who has been suspended from the practice of law. Accordingly, the motion to strike is denied.
Axelrod, J. CT Page 8603