[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #102
The issue in this case is whether the defendant's second special defense through sixth special defense should be stricken on the ground that an association is able to bring a appeal on behalf of its individual unit owners pursuant to 47-244 of the General Statutes.
It is found that the plaintiff's motion to strike the defendant's second special defense through sixth special defense is a speaking motion and should be denied.
This is an appeal pursuant to General Statutes 12-118 from the decision made on April 15, 1992 by the defendant, Board of Tax Review of the Town of Beacon Falls, to make no adjustment in the amount of tax relief provided to the individual unit owners in the Beacon Hill Condominium Association. The plaintiff, Beacon Hill Condominium Association, Inc. ("the Association") brings this action on behalf of the individual unit owners pursuant to47-244(a)(4) of the General Statutes.
The plaintiff alleges that since 1982 the Town of Beacon Falls has provided a tax credit of $31.50 to each unit owner in lieu of those services not provided to them by the Town. The services not provided include trash removal, snow removal and street maintenance. However, the plaintiff alleges that the actual cost of these services has risen from 1982 to 1992 to $230.00 per unit in the 1992-1993 Association budget. As a result, the plaintiff alleges that the valuation of the services on the 1991 Grand List and the resulting tax credit is incorrect. The plaintiff claims it and the individual unit owners are aggrieved by the Board of Tax CT Page 11588 Review's decision to make no changes in the assessment, the valuation of the property, or the tax credit given in lieu of the services not provided by the Town.
On July 9, 1992, the defendant, Town of Beacon Falls, filed an answer and six special defenses. The six special defenses are as follows:
First Special Defense
 The plaintiff has failed to state a claim upon which relief can be granted.
Second Special Defense
 The plaintiff Association is without standing to bring this action pursuant to C.G.S. 47-244(a)(4).
Third Special Defense
 The court lacks jurisdiction over an appeal brought by the plaintiff pursuant to C.G.S. 47-244(a)(4).
Fourth Special Defense
 The plaintiff Association is without standing to bring this action on behalf of unit owners to appeal the tax assessments of individual units in the Condominium.
Fifth Special Defense
 The court lacks jurisdiction over an appeal brought by the plaintiff on behalf of unit owners to appeal the tax assessments of individual units in the Condominium.
Sixth Special Defense
 The plaintiff does now own or lease the property which is the subject of the appeal and may therefore not appeal to the Court pursuant to C.G.S. 12-118. CT Page 11589
On July 31, 1992, the plaintiff filed a motion to strike the defendant's "Second Special Defense through Sixth Special Defense, inclusive, for the reason that: 1) they are not legally sufficient, and 2) they are more properly a motion to add the party defendants set forth in Schedule A." (Motion to Strike, p. 1). Schedule A contains the names and address of each of the 212 individual unit owners of the Condominium Association. As required by 155 of the Practice Book, the plaintiff has filed a memorandum in support of its motion to strike, and the defendant has timely filed a memorandum in opposition to that motion.
The plaintiff Association argues in its memorandum in support of the motion to strike that it is the proper party to bring this appeal based on General Statutes 47-244(a)(4). Section 47-244(a) states that
 the association, even if unincorporated, may: . . . (4) Institute, defend or intervene in litigation . . . in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community. . . .
"Common interest community" is defined as "any other real property other than that unit described in the declaration." General Statutes 47-202(7). The plaintiff argues that "[t]he taxes levied by the town are paid by each individual owner, however a portion of that tax is for the unit and a portion is for the common interest property, i.e., land and improvements. Thus, the Association claims that rightfully intervened on behalf of all unit owners on a tax on common interest property. In addition, the plaintiff argues that "[a]n adjustment of the percentage or use of some other method of tax relief is an issue that involves common interest property owned by all unit owners, and is further a common issue to which a common solution to the unit assessment on all 212 units owners properly brought by the Association on their behalf."
The defendant argues that this tax appeal concerns the 1991 Grand List assessment of individual condominium units. "The Grand List assessments of individual condominium units is not a matter `affecting the common interest community' and only the individual unit owners may appeal the accuracy of the fair market value assigned in his or her Grand List Assessment." As a result, the defendant argues that if it is allowed to prove facts to support each special defense, then each special defense pled by the CT Page 11590 defendant is legally sufficient to defeat the plaintiff's cause of action, therefore the motion to strike should be denied.
It is found that the plaintiff's motion to strike is a speaking motion to strike which is improper and therefore should be denied. A motion to strike is the proper method to test the legal sufficiency of a special defense in an answer. Practice Book 152(5). However, in ruling on a motion to strike, the trial court is limited to the facts alleged in the pleadings. Maloney v. Conroy, 208 Conn. 392, 394, 545 A.2d 1059 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). Introducing evidence or alleging an affirmative matter in the motion to strike makes the motion the equivalent to a "speaking motion to strike", which is improper. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83, 415 A.2d 771 (Super.Ct. 1979), Tilo Co. v. Fishman, 164 Conn. 212, 213, 319 A.2d 409 (1972). Such extraneous matters cannot be considered. Connecticut State Oil Co., supra, 182-83; see also Benoit v. Connecticut Trails Council of Girl Scouts, Inc., 1 Conn. L. Rptr. 47, 48 (November 22, 1989, Kulawiz, J.). Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the pleadings, the motion should be denied. Liljedahl Bros. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). It is clear that the plaintiff's motion to strike is dependent on the facts stated in its memorandum of law that "a portion [of the tax levied by the town] is for the common interest property [and] . . . an adjustment of the percentage or use of some other method of tax relief is an issue that involves common interest property owned by all unit owners. . . ." (Memorandum in opposition to motion to strike, pp. 2-3). Accordingly, it is found these facts were not alleged in the plaintiff's complaint and therefore the plaintiff's motion to strike is a speaking motion and should be denied.
The plaintiff also "moves to strike the [defendant's] Second Special Defense through Sixth Special Defense . . . for the reason that: . . . (2) they are more properly a motion to add the party defendants [sic] set forth in Schedule A." The plaintiff's contention is that "if the court finds merit in the defendant's claim that the 212 unit owners should be parties, and not the condominium association acting on their behalf, then the defendant should be directed to file a motion to substitute or add the unit owners as parties." (Memorandum in support of the motion to strike, p. 4).
A party may file a motion to strike to contest the "legal CT Page 11591 sufficiency of [a] . . . complaint . . . because of the absence of any necessary party." See Practice Book 152(3). "A motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party . . . and must state his interest in the cause of action." See Practice Book 152. The facts relief upon to attack the complaint on the grounds of nonjoinder of a necessary party must appear in the pleadings. Parties cannot rely on extraneous facts. Hardy v. Scott, 127 Conn. 722,19 A.2d 97 (1980). It is noted that the plaintiff has attached the names and addresses of the 212 individual unit owners to its motion to strike, however as stated above the plaintiff relies on facts stated in its memorandum of law and not alleged in its complaint. As a result because the plaintiff's motion is a speaking motion to strike, it is denied.
The motion is denied.
McGRATH, J.