[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE OF DEFENDANT WATER POLLUTION CONTROL CT Page 3807
On October 2, 1992, the plaintiffs, Garret and Helen Bush (hereinafter "Bushes"), filed a petition for a new trial. This action was the latest in a series of actions between the plaintiffs and the defendants, the Town of Waterford and the Water Pollution Control Authority of the Town of Waterford (hereinafter "WPCA"). The litigation between these parties arose out of the plaintiffs' allegations that the WPCA carried away the plaintiffs' standing timber while the WPCA was constructing and laying sewer pipe within an easement on plaintiffs' property, previously taken pursuant to General Statutes 7-247. A brief chronology of the litigation between the plaintiffs and defendants is useful in understanding the present action.
 I.
On August 3, 1989, the plaintiffs, proceeding pro se, filed a complaint against the WPCA for carrying away of personal property pursuant to General Statutes 52-560. On September 1, 1989, the WPCA filed a motion to dismiss the plaintiffs' complaint on the ground that the plaintiffs had another claim pending against the WPCA based on the same cause of action. The WPCA characterized the plaintiffs' claim as brought under General Statutes 8-129 and not General Statutes 52-560. On September 9, 1989, the plaintiffs filed a memorandum in opposition to the WPCA's motion to dismiss on the ground that their cause of action was under General Statutes 52-560 and therefore, this action is not barred by the exclusivity provision of General Statutes 8-129. Both parties filed memoranda of law. On October 2, 1989, the court, Austin, J., after hearing, granted WPCA's motion to dismiss "based on the representations of counsel and taking into account the representations made on both sides that the motion to dismiss appears proper and appears to be justified and . . . having in mind that there is still pending a prior suit of the same character between the same parties brought to obtain the same object and which matter is still on appeal." (Pleadings, plaintiffs' petition for new trial, Exhibit D.) On October 10, 1989, the plaintiffs filed a motion for articulation of CT Page 3808 the court's decision. The motion was denied, and the plaintiffs did not appeal or pursue that action any further. In November of 1991, the WPCA filed an amended complaint against the plaintiffs asserting a cause of action for vexatious litigation. Referring to the Bushes' August 3, 1989 complaint, the WPCA alleges in count six of the amended vexatious litigation complaint that:
 On October 2, 1989, judgment in that action was rendered in favor of the WPCA for the reason that there is still pending a prior suit of the same character between the same parties, brought to obtain the same object and which is still on appeal.
 That action was commenced and prosecuted by the [Bushes] without probable cause and with malicious intent unjustly to vex and trouble the plaintiff [WPCA] in this action.
On October 2, 1992, the plaintiff filed the instant petition for a new trial of the action related to the carrying away of timber on the following grounds:
 (1) Based on the motion to dismiss and memorandum of law filed in support therefore, said pleading and bench ruling constituted a misleading;[1]
 (2) Judge Austin's ruling was based on argument of counsel which was inaccurate and not supported by the pleadings or evidence and therefore was erroneous;
 (3) The plaintiffs as pro se litigants did not adequately protect their rights; and
 (4) Severe prejudice to the plaintiffs is now occurring in light of the filing of the amended CT Page 3809 complaint bearing the return date of January 2, 1992, brought by the WPCA against the Bushes seeking damages for alleged vexatious litigation in Count Six by virtue of Judge Austin's erroneous bench decision. Said decision will operate as having a conclusive effect in support of the theory of vexatiousness against the Bushes if this petition for new trial is denied or dismissed.
Attached to the plaintiffs' petition are copies of various pleadings and correspondence relevant to the previous litigation between the plaintiffs and the defendants.
The defendant WPCA now moves to strike the petition for a new trial on the ground that the plaintiffs have not articulated a proper basis for a new trial under General Statutes 52-270. In its memorandum of law, the WPCA asserts that the plaintiffs already argued their position regarding the motion to dismiss before Judge Austin. The WPCA argues further that the plaintiffs have not offered any explanation as to how this opportunity to argue was inadequate or asserted any recognized ground for a new trial.
 II.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142 (1989). In ruling upon a motion to strike, the court must take as admitted all well pled facts and construe them in a manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority,203 Conn. 161, 170 (1988). If a pleading contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19 (1987).
General Statutes 52-270(a) authorizes the superior court to grant a new trial:
 "For mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of CT Page 3810 a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause according to the usual rules in such cases."
The proceeding for a new trial is "essentially equitable in nature; the petitioner has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statutes, entitle him to a new trial on the grounds claimed, and the petition is addressed to the legal discretion of the trial court." State v. Grimes, 154 Conn. 314, 325 (1966).
The plaintiffs raise four grounds, set out above, in their petition for a new trial. The first ground is a claim of mispleading and the other three grounds are argued as giving reasonable cause for a new trial.
A. Mispleading
Mispleading is defined in Black's Law Dictionary 903 (5th Ed. 1979) as:
 Pleading incorrectly, or omitting anything in pleading which is essential to the support or defense of an action, is so called: as in the case of a plaintiff not merely stating his title in a defective manner, but setting forth a title which is essentially defective in itself; or if, to an action of debt, the defendant pleads "not guilty" instead of nil debet.
Most of the Connecticut cases which are cited as discussing "mispleading" involve the pleading of a legally deficient defense or complaint. The basic rule arising out of these cases is that error of judgment in not pleading a defense CT Page 3811 known at the time of trial will not warrant a new trial; Valente v. DeLucia, 83 Conn. 474, 476-77 (1910); nor will failure to plead a defense which could have been known by the exercise of reasonable diligence. Lester v. State of Connecticut, 11 Conn. 415, 418 (1836).
A noted commentator has stated in reference to mispleading:
 "In the heyday of the common law . . . there was more opportunity for a case to be lost through mispleading than at present. Even by the time of Swift, however, new trials for mispleading seem to have been sought primarily by defendants seeking to plead a defense after a ruling on a demurrer. Such cases are the only ones he cites as illustrations of new trials for mispleading." Stephenson, Conn. Civil Procedure, Second Edition, 210.
Stephenson notes that no recent cases have been found where a new trial has been granted for mispleading and suggests that the more liberalized rules of pleadings which allow for `greater simplicity and freedom in amendments' have made the mispleading provision outmoded and unnecessary.
"In order to secure relief [for mispleading] the plaintiffs would have to prove not only that there was mispleading but also that this came about `through fraud, accident or mistake unconnected with any negligence or inattention upon their part.'" (citations omitted) DiBlasi v. DiBlasi, 116 Conn. 699, 700 (1933).
The plaintiffs state in their petition for a new trial that: "Based on the motion to dismiss and the memorandum of law filed in support therefore, said pleading and bench ruling constituted a mispleading." This statement is not further explained or supported by any authority in the plaintiffs' memorandum of law. The plaintiffs do not allege that they pled a legally deficient claim nor did their prior complaint resemble the type of defect at issue in Valente, supra; Lester, supra; or any of the `mispleading' cases CT Page 3812 recited in Stephenson, 210, supra. A fair reading of plaintiffs' claim reveals that plaintiffs' real difficulty is with the defendant WPCA's pleading in the motion to dismiss which plaintiffs now argue was based on a mistaken interpretation of the plaintiffs' asserted cause of action. It is evident that the plaintiffs' claim that their adversary has mispleaded is not a ground for the plaintiffs to obtain a new trial.
Even if plaintiffs' claim of mispleading is correct, the plaintiffs have not shown, pled or even argued that the error occurred `through fraud, accident or mistake unconnected with any negligence or inattention on their part.' DiBlasi, supra. Here, the plaintiffs had a right and opportunity to appeal Judge Austin's ruling. They failed to do so, nor did they offer any reasonable explanation for such failure.
A petition for a new trial does not furnish a substitute for or an alternative to an ordinary appeal. Tilo Co. v. Fishman, 164 Conn. 212, 215 (1972).
B. Reasonable Cause
It is also evident the plaintiffs' other three asserted grounds for a new trial are not among any of the specific enumerated grounds in General Statutes 52-270 and therefore should be considered under the catchall of reasonable cause.
"[T]he basic test of `reasonable cause' is where a litigant, despite the exercise of due diligence, has been deprived of a fair opportunity to have a case heard on appeal. (Emphasis in the original.) Wetzel v. Thorne,202 Conn. 561, 565 (1987). The granting of a new trial is an additional safeguard to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." Tilo Co., supra, 214; Krooner v. State, 137 Conn. 58, 60 (1950). Absent such special circumstances, a new trial does not provide a substitute for or an alternative to an appeal. Wetzel, supra, 565; Tilo, supra, 215.
The plaintiffs state that they did not appeal Judge CT Page 3813 Austin's granting of the WPCA's motion to dismiss the plaintiffs' complaint at the time it was handed down but rather filed a motion for articulation. (Pleadings, plaintiffs' petition for a new trial). The plaintiffs have not alleged that they acted with due diligence. The plaintiffs have not claimed that they were denied a fair opportunity to appeal Judge Austin's ruling by fraud, mistake or accident, unconnected with any negligence or inattention on their part. The plaintiffs do not allege facts, which would, therefore, in conformity with the meaning of 52-270
equitably entitle them to a new trial under the "reasonable cause" standard.
For the foregoing reasons, the plaintiff's petition for a new trial does not state a cause of action and the court grants the defendant WPCA's motion to strike.
Teller, J.