[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (NO. 108)
The plaintiff has brought this action pursuant to General Statutes § 52-570. An amended complaint filed on June 15, 1994 alleges that the plaintiff sustained damages when the defendant, Rocco Fabrizio, breached the parties' contract to perform architectural services. Previously, an action between these parties was tried to a jury and a verdict was rendered in favor of the defendant Fabrizio on April 15, 1993 (Fabrizio v. Vazzano, docket no. 251947, Superior Court, Judicial District of Fairfield at Bridgeport, hereinafter "the first action.") On April 19, 1993, Vazzano filed a motion to set aside the verdict rendered in the first action and said motion was denied on June 17, 1993 (Thim, J.)
The plaintiff herein alleges that he received late notice of the court's denial of his motion to set aside the verdict in "the first action." The plaintiff herein alleges that he first CT Page 11410 received notice of the court's decision on October 27, 1993, when his counsel received post judgment remedy interrogatories from opposing counsel. Said interrogatories stated that the motion to set aside the verdict had been denied on June 17, 1993. The plaintiff herein further alleges that on October 27, 1993, his attorney contacted the clerk's office and received confirmation that the motion was denied on June 17, 1993. The plaintiff herein claims that his failure to receive timely notice of the court's denial of his motion to set aside the verdict prevented him from filing an appeal of the first action within twenty (20) days of the decision on that motion, as required by Practice Book § 4009 of the Connecticut Practice Book Appellate Section. The plaintiff herein further alleges that there was no factual or legal basis for the jury verdict in "the first action."
The defendant herein filed a motion to strike the plaintiff's amended complaint, and on July 18, 1994, the court took the papers on said motion.
Practice Book § 152(1) provides that whenever a party wishes to contest "(1) the legal sufficiency of the allegations of any complaint . . . or any one or more counts thereof, to state a claim upon which relief may be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." A motion to strike is the proper vehicle to test whether under the allegations of a petition for a new trial the situation justifying a new trial can be proved. Alling v. Levitt, 112 Conn. 586, 591
(1931).
Section 52-270 (a) of the General Statutes provides that:
 "The Superior Court may grant a new trial of any action that may come before it for mispleading, for discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the Superior Court may, in addition, provide by rule for the granting CT Page 11411 of new trials upon prompt request in cases where the parties or the counsel have not protected their rights during the original trial of an action."
"The granting of a new trial `is an additional safeguard to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident.'" (Citation omitted.) Tilo Co. v. Fishman, 164 Conn. 212,214 (1972).
Although General Statutes § 52-270 permits the court to grant a new trial upon proof of "`reasonable cause,' the circumstances in which reasonable cause may be found are limited." Bleinder [Bleidner] v.Searles, 19 Conn. App. 76, 78 (1989). "The basic test of `reasonable cause' is whether a litigant, despite the exercise of due diligence, has been deprived of a fair opportunity to have a case heard on appeal." Wetzel v. Thorne, 202 Conn. 561, 565
(1987).
In the present case, the plaintiff received notice of the decision on his motion to set aside the verdict on October 27, 1993, over four months after the decision was rendered. (The motion was denied on June 17, 1993.) While such a delay, along with the alleged failure to receive written notice of the decision from the clerk's office, may constitute a mistake or accident, such a delay does not constitute "reasonable cause" for granting a new trial as the plaintiff had twenty (20) days from the date that he received actual notice of the decision (i.e. twenty days from October 27, 1993) within which to file an appeal. See TiloCo. v. Fishman, supra, 164 Conn. 214, 215. Therefore, the plaintiff Vazzano has failed to state a legally sufficient claim for a new trial pursuant to General Statutes § 52-270.
Accordingly, the motion to strike Vazzano's amended complaint is granted.
EDDIE RODRIGUEZ, JR., JUDGE