[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a petition for a new trial pursuant to Conn. Gen. Stats. § 52-270, claiming "mispleading" or "other reasonable cause", which arose from a prior action entitled Salvatore J.Presutti v. City of New Britain, Superior Court, Judicial District of Hartford-New Britain, at Hartford, Docket No. CV 97-0571790S (prior action). The prior action was dismissed for lack of subject matter jurisdiction because the plaintiff lacked standing. For the reasons that follow, the petition for a new CT Page 15380 trial is denied.
I. Factual and Procedural History
In the prior action, the plaintiff Salvatore J. Presutti alleged claims for breach of contract and unjust enrichment in his two-count complaint. The plaintiff specifically alleged a contract between Central Village Limited Partnership (Partnership) with the defendant City of New Britain to perform certain site work, including repairs and paving of a sidewalk and driveway ramp. He further alleged that the defendant City agreed to pay the reasonable value for the work done and specifically alleged that the plaintiff "is the beneficiary of and owner ofall rights under the terms of said contract." (emphasis added). The defendant moved to dismiss the action on "the grounds that the plaintiff lacks standing thereby depriving the court of subject matter jurisdiction over this matter."
The plaintiff then filed a request for leave to amend his complaint in which he attempted to allege that he was the assignee, rather than a beneficiary of the contract. The request to amend was objected to, and the court (M. Hennessey, J.) granted the motion to dismiss for "reasons on the record." No ruling was made with respect to the plaintiff's request to amend, apparently pursuant to Gurliacci v. Mayer, 218 Conn. 531, 545,590 A.2d 914 (1991). (stating the rule that as soon as the jurisdiction of the court to decide an issue is called into question, "all other action in the case [including a request to amend the complaint] must come to a halt until such a determination is made.")
The plaintiff did not seek reargument, nor an articulation of Judge Hennessey's decision, nor did he appeal her ruling.
In his substituted complaint for a new trial, the plaintiff now alleges that the defendant's motion to dismiss claimed that "the court lacked subject matter jurisdiction because the plaintiff was neither a party to the contract nor a contemplated beneficiary thereof and the complaint failed to state that the plaintiff was the assignee and owner of all rights under the terms of the contract being sued upon and was the owner of any claim against the defendant for damages thereunder." The plaintiff further alleges that he was without reasonable opportunity to prosecute his claims, that "the mispleading in this case came about through accident or mistake unconnected with CT Page 15381 any negligence or inattention [on his part]", and that "other reasonable cause exists for the court to grant a new trial to the plaintiff." The defendant filed an answer admitting that the prior action was dismissed and that it filed a motion to dismiss based on lack of the plaintiff's standing; and denied the material allegations of the plaintiff's complaint. The court heard the testimony of the plaintiff and the plaintiff introduced several exhibits into evidence.
II. Discussion
The procedure for procuring a new trial by petition, whether in a civil or criminal case, is governed by § 52-270 of the General Statutes.[1] The proceeding is essentially equitable in nature; the petitioner has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statutes, entitle him to a new trial on the grounds claimed; and the petition is addressed to the legal discretion of the trial court. Rizzo v. Peck, 15 Conn. App. 312,315, 544 A.2d 242 (1988).
As previously stated, the plaintiff claims two grounds justify a new trial under § 52-270, "mispleading" and "other reasonable cause". The court will deal with each ground in turn.
A. Mispleading
The term mispleading has been defined as: "Pleading incorrectly, or omitting anything in pleading which is essential to the support or defense of an action . . . as in the case of a plaintiff not merely stating his title in a defective manner, but setting forth title which is essentially defective in itself; or if, to an action of debt, the defendant pleads "not guilty" instead of "nil debet." Bush v. Water Pollution Control,Waterford, Superior Court, judicial district of New London at New London, Docket No. 524498 (April 20, 1993); aff'd,36 Conn. App. 925, 650 A.2d 180, cert. denied, 232 Conn. 904,653 A.2d 191 (1995).
"Most of the Connecticut cases which are cited as discussing "mispleading" involve the pleading of a legally deficient defense or complaint. The basic rule arising out of these cases is that error of judgment in not pleading a defense known at the time of trial will not warrant a new trial; nor will failure to plead a CT Page 15382 claim which could have been known by reasonable diligence." (citations omitted.) id.
Although the allegation in the prior action that "the plaintiff . . . is the beneficiary of and owner of all rights under the terms of said contract" may be arguably termed a mispleading, the plaintiff's claim for a new trial on this ground must fail. The plaintiff essentially testified that he was the `preferred developer' so designated by the defendant City. At the time he was so designated, he was the sole general partner of the partnership, and there were no other general or limited partners, and that, until he took another partner in, he `was' the partnership, the entity which he claimed contracted with the defendant City and performed the work. After Christopher Carr, the new partner, joined the partnership, the plaintiff withdrew from the partnership. The plaintiff further testified that in the agreement which disposed of his interests in the partnership, its claim against the defendant City was assigned to him. The plaintiff also testified that he saw no difference between being a beneficiary or assignee of the contract with the defendant City. To him it was all one and the same.
The trouble with the plaintiff's argument is that all of the information as to his status and rights under the contract was known or should have been known to both him and his attorney. Indeed, it was the duty of plaintiff and his attorney to act with reasonable diligence to know the nature and extent of the plaintiff's interest in the claim against the defendant City. The plaintiff's present position of a claimed mistake or misunderstanding arose from his own neglect or inattention, and not from a breach of any duty owed him by the defendant City. There is no possible basis on these facts or this record for a claim that the plaintiff or his attorney were misled.
"In order to secure relief [for mispleading] the plaintiff would have to prove not only that there was mispleading but also that this came about through fraud, accident or mistake unconnected with any negligence or inattention on [his] part." (citations omitted; internal quotation marks omitted.) DiBlasi v.DiBlasi, 116 Conn. 699, 700, 163 A. 473 (1932).
The plaintiff, simply put, failed to prove, by a preponderance of the evidence, that his failure to properly plead an assignment of the contract with the defendant City came about without negligence or inattention on his part. Therefore, the CT Page 15383 plaintiff's claim for a new trial on the ground of mispleading fails.
B. Reasonable Cause
The plaintiff's second ground for a new trial under § 52-270
is "other reasonable cause." The burden of proof on this ground is again upon the plaintiff. The basic test of "reasonable cause", is whether a litigant, despite the exercise of duediligence, has been deprived of a fair opportunity to have a case heard on appeal." (emphasis in original.) Hryniewicz v. Wilson,51 Conn. App. 440, 445, 772 A.2d 288 (1999). Here, the plaintiff had a right and opportunity to appeal Judge Hennessey's ruling. The plaintiff also could have requested reargument, reconsideration, or an articulation of her ruling. The plaintiff failed to pursue any of these avenues of relief, nor did he offer a reasonable explanation for such failure, other than a conclusory statement by plaintiff's counsel that "an appeal would have been futile."
The issue before Judge Hennessey on the defendant's motion to dismiss,[2] as framed by the parties, was whether the plaintiff properly pleaded a cause of action as a third party beneficiary of the contract between the defendant City and the partnership. It is well-settled that to recover as a third party beneficiary, a plaintiff must allege and prove that the parties to the underlying contract both intended that the promisor should assume a direct obligation to the third party. Grigerik v. Sharpe,247 Conn. 293, 721 A.2d 526 (1998). This, the plaintiff did not allege in the prior action, nor apparently was he able to prove. It is significant to note however, that the plaintiff did allege that he was the "owner of all rights under the terms of said contract." Although, § 52-118[3] provides that an assignee and equitable and bona fide owner of a chose in action may sue in his own name, which the plaintiff's complaint, fairly read, could be construed as alleging, the plaintiff did not brief this claim in connection with the motion to dismiss ruled on by Judge Hennessey. Nor did he provide a record that he even argued this claim.
A petition for a new trial does not furnish a substitute for or an alternative to an ordinary appeal. Tilo Co. v. Fishman,164 Conn. 212, 215, 319 A.2d 409 (1972). "The granting of a new trial is an additional safeguard to prevent injustice where the usual remedy by appeal does not lie, or where, if there is an adequate CT Page 15384 remedy by appeal the party has been prevented from pursuing it by fraud, accident or mistake." Tilo Co. v. Fishman, supra,164 Conn. 214.
The exercise of due diligence is a condition precedent to a finding of reasonable cause. Hryniewicz v. Wilson, supra,51 Conn. App. 445-446. The plaintiff has neither alleged, nor proven, that he exercised due diligence in not taking an appeal. Nor has the plaintiff provided one iota of evidence that an adequate remedy by appeal was unavailable to him. Nor could he, on the record presented, without an articulation of Judge Hennessey's ruling. Absent special circumstances of fraud, mistake or accident, unconnected with negligence or inattention on the plaintiff's part, a new trial cannot provide a substitute for, or an alternative to an appeal. Tilo v. Fishman, supra,164 Conn. 215. I conclude that the plaintiff has failed to show that the usual remedy by appeal did not lie, or that he was prevented from pursuing an appeal by fraud, accident or mistake, unconnected with any negligence or inattention on his part.
Accordingly, the claim of the plaintiff for a new trial on the ground of "other reasonable cause" fails.
 Conclusion
For the reasons stated, the petition for a new trial is denied. Judgment may enter for the defendant.
Teller, J.