## HUMBERTO ROSARIO *v.* JAMES M. HASAK
## (AC 17114)

Landau, Hennessy and Dupont, Js.

Argued February 18—officially released October 6, 1998

*Greg C. Mogel*, with whom, on the brief, was *A. Manuel Nieves*, for the appellant (plaintiff).

*William P. O'Brien*, for the appellee (defendant).

*Opinion*

LANDAU, J. This is an appeal from the judgment of the trial court rendered following the granting of the defendant's motion for summary judgment. The plaintiff claims that the trial court improperly granted the defendant's motion for summary judgment after refusing to afford him protection pursuant to General Statutes § 52-592, the accidental failure of suit statute.[1] We affirm the judgment of the trial court.

The foundation on which the plaintiff's argument stands is that the original action was defeated for a "matter of form" and necessitates the application of

---

[1] General Statutes § 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."

§ 52-592. The defendant asserts that the plaintiff's lack of diligence has been blatant and egregious, and well beyond the reach of § 52-592 and, further, that the public policy inherent in the statute of limitations supports the decision of the trial court. The defendant maintains that he is entitled to summary judgment as a matter of law because there remains no genuine issue of material fact that the plaintiff's action is barred by the applicable statute of limitations.

The procedural quagmire on which the appeal rests must be set forth. The parties were involved in a motor vehicle collision on July 3, 1990. On July 3, 1992, the plaintiff served a complaint, bearing a return date of August 4, 1992, on the defendant.[2] The writ, summons and complaint were returned untimely to court on November 4, 1992,[3] without the appropriate fee and were returned to the plaintiff.[4]

The plaintiff commenced a second action, identical in substance to the first, in January, 1993. The plaintiff returned the writ, summons and complaint on the day of the return date. As a result, the trial court dismissed the action pursuant to the defendant's motion because the return was, once again, untimely.

By complaint dated July 22, 1993, the plaintiff commenced a third action, identical in substance to the first and second actions, in which he alleged, inter alia, that his action was saved by § 52-592, the accidental failure of suit statute. On November 30, 1994, the trial court granted the defendant's motion for summary judgment, ruling that the action was not saved by § 52-592 and

[2] As a result, this action was commenced in a timely manner pursuant to General Statutes § 52-584.

[3] General Statutes § 52-46a provides in relevant part: "Process in civil actions . . . shall be returned . . . if returnable to the Superior Court . . . to the clerk of such court at least six days before the return day."

[4] The following notation was made upon the sheriff's return: "Return Date: 8/4/92 and Wrong Fee: 11/4/92."

was barred by the applicable statute of limitations. The trial court stated that the plaintiff voluntarily chose to institute a new and untimely action, rather than to refile the original complaint. As a result, the new action could not be justified under § 52-592, because the original action was never "determined" within the meaning of § 52-592.

In January, 1995, the plaintiff refiled the *original* complaint with the court. In March, 1995, the defendant moved to dismiss the original complaint for insufficiency of process in that the complaint was not timely returned to the court. The motion was granted on April 3, 1995.[5] The trial court concluded that the plaintiff had failed to comply with the provisions of General Statutes § 52-46a.[6]

In July, 1995, the plaintiff commenced a fourth action, identical in substance to the first three actions, alleging, again as argued in the third action, the theory of accidental failure of suit. The defendant filed a motion for summary judgment, which the trial court granted on April 3, 1997. The court stated that "[a]lthough § 52-592 is a remedial statute and must be construed liberally, it should not be construed so liberally as to render the statute of limitations meaningless. . . . Section 52-592 has as its purpose to aid the diligent suitor. . . . The additional grace period beyond the statute of limitations afforded by § 52-592 in which to commence an action begins to run on the date that a reasonably diligent suitor should have determined that the original action has failed. . . . [R]eturning the original complaint to court two and one-half years after it was served can

[5] In May, 1995, the plaintiff filed an appeal to this court that was fifteen days late. We granted the defendant's motion to dismiss the appeal as untimely pursuant to Practice Book § 63-1, formerly § 4009.

[6] See footnote 3.

hardly be termed diligent." (Citations omitted.) This appeal followed.[7]

The plaintiff in his brief argues that § 52-592 applies if: "(1) an action is *commenced* within the applicable statute of limitations; (2) such action is dismissed for any of the listed reasons, including lack of jurisdiction or any matter of form; and (3) the plaintiff *commences* [a] new action on the same cause of action within one year." (Emphasis in original.) He asserts that the present action complied with those requirements because he *commenced* the original action on July 3, 1992, within the applicable statute of limitations, the trial court dismissed the original action on April 3, 1995, for untimely return of process, which is a "matter of form" pursuant to § 52-592, and he commenced a new action on July 23, 1995, which is within one year from the court's dismissal of the original action.

"The standards governing our review of a trial court's decision on a motion for summary judgment are clear. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991); *Trotta* v. *Branford*, 26 Conn. App. 407, 409, 601 A.2d 1036 (1992). While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); the party opposing [summary judgment] must

---

[7] On April 24, 1997, the plaintiff filed an appeal with this court. The defendant filed a motion to dismiss the appeal as untimely. We denied the defendant's motion to dismiss the appeal on June 18, 1997.

substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . *Bassin* v. *Stamford*, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 317, 477 A.2d 1005 (1984)." (Internal quotation marks omitted.) *Cortes* v. *Cotton*, 31 Conn. App. 569, 572–73, 626 A.2d 1306 (1993).

"Equally well settled is that the trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . *Fleet Bank, N.A.* v. *Galluzzo*, 33 Conn. App. 662, 666, 637 A.2d 803, cert. denied, 229 Conn. 910, 642 A.2d 1206 (1994)." (Internal quotation marks omitted.) *Field* v. *Kearns*, 43 Conn. App. 265, 270, 682 A.2d 148, cert. denied, 239 Conn. 942, 684 A.2d 711 (1996).

The accidental failure of suit statute, § 52-592, " 'is remedial in its character. It was passed to avoid hardships arising from an unbending enforcement of limitation statutes.' *Isaac* v. *Mount Sinai Hospital*, [210 Conn. 721, 728, 557 A.2d 116 (1989)]." *Capers* v. *Lee*, 239 Conn. 265, 271, 684 A.2d 696 (1996). Its purpose is to aid the diligent suitor. *Isaac* v. *Mount Sinai Hospital*, supra, 733. However, "[i]n cases where [the Supreme Court has] either stated or intimated that the 'any matter of form' portion of § 52-592 would not be applicable to a subsequent action brought by a plaintiff, [the Supreme Court has] concluded that the failure of the case to be tried on its merits had not resulted from accident or even simple negligence. See *Hughes* v. *Bemer*, [206 Conn. 491, 495, 538 A.2d 703 (1988)] (failure to file a required memorandum of law operates as a consent to

judgment on the merits resulting from granting a motion to strike); *Pavlinko* v. *Yale-New Haven Hospital*, 192 Conn. 138, 144, 470 A.2d 246 (1984) (dismissal pursuant to Practice Book § 231 [now § 13-14] for deliberate refusal to answer questions at a deposition); *Parrott* v. *Meacham*, 161 Conn. 573, 575, 290 A.2d 335 (1971) (voluntary withdrawal of prior suit); *Baker* v. *Baningoso*, 134 Conn. 382, 387, 58 A.2d 5 (1948) (voluntary withdrawal of prior suit)." *Lacasse* v. *Burns*, 214 Conn. 464, 473, 572 A.2d 357 (1990); see *Skibeck* v. *Avon*, 24 Conn. App. 239, 242–43, 587 A.2d 166, cert. denied, 219 Conn. 912, 593 A.2d 138 (1991).

Although the plaintiff's argument has a "superficial textual appeal"; *United Illuminating Co.* v. *New Haven*, 240 Conn. 422, 455, 692 A.2d 742 (1997); it is unpersuasive in application because it leads to a difficult and bizarre result. The lack of merit to the plaintiff's claim that the original action against the defendant *would continue to exist in perpetuity until disposed by the court* is apparent from the argument itself. Under the plaintiff's interpretation, one could serve a writ, summons and complaint, fail to return the papers to court for thirty-five years and, if not otherwise disposed of by the court, proceed with the case at that time. The unreasonableness of such a result is a reason for rejecting that application. See, e.g., *Butler* v. *Hartford Technical Institute, Inc.*, 243 Conn. 454, 461–62, 704 A.2d 222 (1997).

The result of following the plaintiff's logic would be a virtual nullification of the statute of limitations because a plaintiff would have the ability unilaterally to extend the statute of limitations indefinitely simply by failing to return a timely served complaint to the court. "To allow [such an] action to continue at this time would defeat the basic purpose of the public policy that is inherent in statutes of limitation, i.e., to promote finality in the litigation process. *Marangio* v. *Shop Rite*

*Supermarkets, Inc.,* 11 Conn. App. 156, 160, 525 A.2d 1389, cert. denied, 204 Conn. 809, 528 A.2d 1155 (1987). 'Although § 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation virtually meaningless.' . . . *Pintavalle* v. *Valkanos,* [216 Conn. 412, 417, 581 A.2d 1050 (1990)]." *Skibeck* v. *Avon,* supra, 24 Conn. App. 243.

We agree with the trial court's conclusion that the plaintiff's failure to return the original complaint to court until two and one-half years after it was served could hardly be considered diligent. The genesis of this cause of action is an automobile accident that occurred some eight years ago. Instead of taking any action with regard to the original complaint, the plaintiff filed two further actions, identical in substance to the first. Two and one-half years later, the plaintiff returned the original complaint, which was dismissed. The plaintiff commenced the fourth and final action five years after the automobile accident occurred and three years after he commenced the original action. Such egregious and blatant conduct was never intended to be condoned and sanctioned by the "matter of form" provision of § 52-592 and we will not invoke that provision under the circumstances of this case.[8]

---

[8] We further note that the plaintiff argues that the trial court improperly based its decision to grant the defendant's motion for summary judgment, in part, on grounds relating to subject matter jurisdiction. The trial court's conclusion that "the defendant did not waive his right to object to the untimely return of the original complaint" involved the issue of personal jurisdiction, not subject matter jurisdiction. The trial court, in discussing "jurisdiction," referred to the memorandum of decision issued by the trial court, *Sheldon, J.,* on November 30, 1994, on the defendant's motion for summary judgment in the third action. Judge Sheldon noted that a violation of § 52-46a renders a proceeding "voidable" and implicates the court's personal jurisdiction over the defendant. Judge Sheldon reasoned that unless the defendant timely asserts a violation of § 52-46a pursuant to Practice Book § 142, now § 10-30, he is deemed to have waived his right to object to such a defect.

Practice Book § 10-32 provides in relevant part that "[a]ny claim of lack of jurisdiction over the person . . . or insufficiency of process or insuffi-

The judgment is affirmed.

In this opinion the other judges concurred.

ciency of service of process is waived if not raised by a motion to dismiss . . . within the time provided by Section 10-30." Practice Book § 10-30 provides in relevant part that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance . . . ."

The trial court, in the present action, determined that the defendant did not waive his right to object to the plaintiff's untimely return of the original complaint because the defendant filed his appearance on March 6, 1995, and filed his motion to dismiss for untimely return of process two days later, clearly within the time provided by § 10-30. Therefore, the plaintiff's argument is misplaced because subject matter jurisdiction was not a ground upon which the trial court granted the defendant's motion for summary judgment.