[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION I.
On January 19, 1997, at approximately 12:30 a.m., John Kassey drove his automobile "without headlights at a high rate of speed" into a utility pole and parked vehicle while intoxicated. The plaintiff, Jonathan Seiler, a passenger in Kassey's automobile, allegedly suffered numerous physical injuries as a result of the collision.
The plaintiff filed a complaint on February 3, 1998, against Castaneda Cafe, Inc. (Castaneda Cafe), Hector Castaneda, as permittee and President of Castaneda Cafe, Lead Penny Pub of Connecticut, Inc. (Lead Penny), and Carmel A. Musumano, as permittee and President of Lead Penny alleging a violation of the Dram Shop Act, General Statutes § 30-102; wanton, reckless and wilful conduct; and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., for selling alcohol to John Kassey while he was intoxicated.
This court referred the plaintiffs action to an arbitrator pursuant to General Statutes § 52-549u,[1] and on August 24, 1999, the arbitrator, Kelly R. Callahan, Esq., filed a decision in favor of the defendants. Although the court file indicates that copies of the decision were mailed on that date, the plaintiff and one of the defense counsel maintain that they did not receive notice or a copy of the arbitrator's decision. Having received no demand for a trial de novo pursuant to General Statutes 52-549z(d), this court entered judgment under General Statutes 52-549z(a)[2] against the plaintiff in accordance with the arbitrator's decision. All parties received notice of that decision on September 21, 1999.[3]
Approximately two months later on November 22, 1999, the plaintiff filed both a motion to open judgment pursuant to General Statutes § 52-212a[4] and a demand for a trial de novo CT Page 2931 pursuant to General Statutes § 52-549z(d). That same day, the defendants, Hector Castaneda and Castaneda Cafe, filed an objection to the plaintiffs motion to open judgment, arguing that the plaintiff failed to file a demand for a trial de novo within twenty days from the date of the filing of the arbitrator's decision pursuant to General Statutes § 52-549z(d). On November 24, 1999, the defendants, Lead Penny and Caramel Musumano, also filed an objection to the plaintiffs motion to open judgment on the same grounds. By decision dated December 3, 1999, this court denied the plaintiffs motion to open on the ground that "although judgment entered 9/21/99 after decision of K. Callahan, and plaintiff did not receive a copy, a copy was mailed [and] received on 9/21/99. Nevertheless, this de novo request was not filed until 11/22/99 and accordingly is untimely. While the motion to reopen may be timely, there is no relief to be obtained for reopening."
On December 22, 1999, the plaintiff filed a motion to reargue his motion to open judgment pursuant to Practice Book §§ 11-11 and 11-12. This court granted the plaintiffs motion to reargue on January 12, 2000.
 II.
It is fundamental that "a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed." General Statutes § 52-212a; see also Practice Book § 17-4. Practice Book § 17-4
"vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation." (Internal quotation marks omitted.) Mazziotti v.Allstate Ins. Co., 240 Conn. 799, 809, 695 A.2d 1010 (1997). Moreover, "[a] trial court's denial of a timely motion to open a judgment will not be disturbed on appeal unless the court acted unreasonably and in clear abuse of its discretion." DiSimone v.Vitello, 6 Conn. App. 390, 392, 505 A.2d 745 (1986).
The plaintiff maintains that this court should open the judgment rendered on September 21, 1999, because he never received notice of the arbitrator's decision at the time it was filed with the court on August 24, 1999. (Motion to Reargue, ¶ 10.) He contends that because he never received notice of the arbitrator's decision, he could not file a claim for a trial de CT Page 2932 novo within the twenty day time period required under General Statutes § 52-549z(d). (Motion to Reargue, ¶ 10.) He further argues that when he received notice of the arbitrator's decision on September 21, 1999, the twenty day time period had expired and that he was therefore denied notice and the opportunity to be heard because the arbitrator's decision became a final judgment under General Statutes § 52-549z(a) on that date. (Id., ¶¶ 10, 18.) As a result, the plaintiff concludes that he was denied his due process rights under the Connecticut and United States Constitutions. (Id., ¶ 18.)
Although the question of whether a delay in receiving notice extends the time in which a party may file an appeal has not been addressed in the context of a motion for a trial de novo under General Statutes § 52-549z(a), it has been addressed in the context of appellate review; see Tilo Co. v. Fishman,164 Conn. 212, 214-15, 319 A.2d 409 (1972) (maintaining that although the plaintiff received notice of the decision late, the delay did not cause the plaintiff to lose his right to appeal because theappeal period began when the plaintiff actually received notice); in the context of motions to set aside default judgments under General Statutes § 52-212; see Handy v. Minwax Co.,46 Conn. App. 54, 57, 698 A.2d 339; cert. denied, 243 Conn. 921,701 A.2d 342 (1997) (holding that "a delay in notifying the defendant of the judgment would merely extend the time in which the defendant could move to set aside the judgment"); DiSimone v. Vitello, supra, 6 Conn. App. 393 (stating that "where a defendant does not otherwise have notice of a default judgment, such a delay would merely extend the time in which the defendant could move to set aside the judgment"); Castro v. Masahiro, Superior Court, judicial district of Bridgeport, Docket No. 291287 (December 21, 1994, Hauser, J) (13 Conn. L. Rptr. 200); and in the context of motions to open judgments under General Statutes § 52-212a; seeNoethe v. Noethe, 18 Conn. App. 589, 595-96, 559 A.2d 1149 (1989) (finding the reasoning of DiSimone v. Vitello, supra,6 Conn. App. 393, applicable to motions to open judgments pursuant to General Statutes § 52-212a); Handy v. Minwax Co., supra, 57; Morelli v. Manpower. Inc., Superior Court, judicial district of Hartford — New Britain at Hartford, Docket No. 366742 (March 10, 1995, Berger, J.); Keating v. Jordan, Superior Court, judicial district of Waterbury, Docket No. 96660 (September 10, 1991,Langenbach, J.).
This court holds that the reasoning of these cases is applicable to demands for a trial de novo pursuant to General CT Page 2933 Statutes § 52-549z. The plaintiffs contention that he could not file a claim for a trial de novo because the twenty day appeal period had expired by the time he received actual notice of the arbitrator's decision is not persuasive. The plaintiff received actual notice of the arbitrator's decision on September 21, 1999, and therefore, the twenty day appeal period provided by General Statutes § 52 549z(d) began to run on the date of actual notice. Thus, the plaintiffs de novo appeal period began to run on September 21, 1999, and ended on October 11, 1999.
Although the plaintiff maintains that the proper procedure was to file a motion to open judgment to vacate the judgment issued by this court pursuant to General Statutes § 52-549z(a), this court is unpersuaded by the plaintiffs argument for several reasons. First, the plaintiff failed to take any action in this case after receiving actual notice of the judgment on September 21, 1999, until approximately two months had passed. Certainly, the plaintiffs failure to take any action until two months had passed is inexcusable in light of the twenty day limitation period to request a trial de novo. See, e.g., Norwich v. Lebanon,200 Conn. 697, 711-12, 513 A.2d 697 (1986). As noted above, it has long been the law in this state that action must be taken upon notice of a decision. Tilo Co. v. Fishman, supra,212 Conn. 214.
Second, if this court were to accept the plaintiffs proposition, the plaintiff would be allowed to totally bypass the statutory trial de novo scheme and arguably wait almost four months and then argue a motion to open judgment. Then, he argues, the demand for the trial de novo could be claimed. This result would render meaningless the legislature's purpose in enacting General Statutes § 52-549z (d). See Rosario v. Hasak,50 Conn. App. 632, 638-39, 718 A.2d 505 (1998) (discussing same concept, but in its application to the accidental failure of suit statute under General Statutes § 52-592); see also Norwich v. Lebanon, supra, 200 Conn. 711; Akin v. Norwalk, 163 Conn. 68, 75,301 A.2d 258 (1972) (dismissing claim because to "hold otherwise would indeed circumvent the legislative intent"). Moreover, as the Connecticut Appellate Court recognized in its discussion of the accidental failure of suit statute, "[t]he result of following the plaintiffs logic would be a virtual nullification of the statute of limitations because a plaintiff would have the ability unilaterally to extend the statute of limitations indefinitely. . . . To allow [such an] action to continue at this time would defeat the basic purpose of the public policy that is CT Page 2934 inherent in statutes of limitation, i.e., to promote finality in the litigation process." (Internal quotation marks omitted.)Rosario v. Hasak, supra, 50 Conn. App. 638.
Finally, this court rejects the plaintiffs conclusion that because he was allegedly denied notice and an opportunity to be heard, he was therefore denied his due process rights under both the Connecticut and the United States Constitutions. Although the plaintiff is correct in his proposition that an absolute denial of notice and an opportunity to be heard deprives a litigant of his procedural due process rights, the plaintiff in this case did receive notice and had an opportunity to be heard. See AngelseaProductions. Inc. v. Commission on Human Rights Opportunities,236 Conn. 681, 698, 674 A.2d 1300 (1996). The plaintiff received notice on September 21, 1999, and therefore had an opportunity to be heard. The plaintiff, however, did not exercise this opportunity by filing a demand for a trial de novo within the twenty day appeal period provided by General Statutes § 52-549z(d). Therefore, the plaintiffs claim that he was denied his constitutional rights under the Connecticut and United States Constitution fails.
Accordingly, the court affirms its prior decision denying the plaintiffs motion to open.
Berger, J.