[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
In this action the apportionment plaintiff, The Southern New England Telephone Co., hereinafter referred to as "SNET," has filed an apportionment complaint against the apportionment defendant Comcast Cablevision of New Haven, Inc., which is hereinafter referred to as "Comcast." SNET seeks to apportion responsibility with respect to the claim of the plaintiff, Joseph Ryan for personal injuries suffered by Ryan allegedly resulting from an incident occurring on September 29, 1998.
In its revised apportionment complaint, dated January 24, 2001, SNET alleges that Ryan commenced a negligence and absolute nuisance action against SNET and the United Illuminating Company, which is hereafter referred to as the "UI." The plaintiff Sharon Ryan has a derivative claim against SNET and the UI for loss of consortium.
The plaintiffs claim that plaintiff John Ryan was injured on September 28, 1999, when the garbage truck he was driving "became hung up in guy wire and/or cable or power wire causing it to crash into a tree and flip over on its side." SNET incorporates the plaintiffs allegation in its revised apportionment complaint and further claims that UI and Comcast also uses the two utility poles for service where the subject wires and cables are strung across Dump Road in New Haven, Connecticut. SNET's claim in its apportionment complaint is that Comcast negligently performed work to its facilities on these poles by causing the wires and attachments to become lowered or hazardous prior to the incident on September 29, 1998.
Comcast has filed a motion for summary judgment regarding SNET's apportionment complaint pursuant to Practice Book § 17-44 et seq. claiming that SNET's assertion that Comcast negligently repaired its cable facilities is not supported by any facts. Comcast asserts that because SNET cannot provide a proper evidentiary foundation to establish a triable issue as to any elements of Comcast's alleged negligence, summary judgment is an appropriate remedy.
 I.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 576 A.2d 829 (1989). "In CT Page 8657 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." HertzCorp. v. Federal Ins., Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,639 A.2d 507 (1994).
The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed.Santopiefro v. New Haven, 239 Conn. 207, 225, 682 A.2d 106 (1996). The issue of causation is a question of fact for the trier of fact, Abrahamsv. Young and Rubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709 (1997), and can only become one of law "when the mind of a fair and reasonable person could reach only one conclusion." Id. Accordingly, "issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." Fogarly v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984). "Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact." Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371, 374,423 A.2d 77 (1979).
Comcast, in support of its position that there is no genuine issue of material fact, has submitted a copy of deposition testimony of Joseph Cichocki, construction manager for SNET. Cichocki was deposed by Comcast's attorney on June 26, 2001. In conjunction with the deposition Cichocki was requested to bring "any and all documents" supporting or otherwise relating to "SNET's claim that" prior to or on September 29, 1998, Comcast Cablevision of New Haven, Inc. performed work on its facilities on poles #10412 and #10413. Cichocki at the deposition informed Comcast that he did not have any such documents. Cichocki continued to testify that he had no documentation and no knowledge of the condition of Comcast's facilities on poles #10412 and #10413 prior to the incident involving Ryan on September 29, 1998. He did testify that immediately following the accident that Comcast's coaxial cable "sagged approximately three feet from the suspension stand, but he did not know how much it sagged prior to the accident involving the plaintiff Ryan. He CT Page 8658 also testified that SNET's lines were knocked down and severed.
Comcast argues that Cichocki, the duly authorized representative of SNET, could not testify that he had any knowledge or documentation that would support allegations by SNET that Comcast performed any work on its facilities at this location that had anything to do with the plaintiff Ryan's loss. Furthermore argues Comcast, Cichocki provided no factual foundation concerning whether Comcast performed any work on its subject facilities in a negligent manner or whether Comcast caused the facilities on the subject poles to be lowered or otherwise rendered them hazardous rendering them a proximate cause of the plaintiffs injuries. Comcast concludes that SNET's attempt to apportion its liability with Comcast is based on a theory of mere speculation of how the plaintiffs injuries were sustained without any factual basis.
SNET argues that there are issues of material fact regarding the condition and maintenance of Comcast's facilities extending across Dump Road in New Haven and whether Comcast's cable caused the truck driven by the plaintiff Ryan to tip over. In doing so, SNET points to Comcast's response to SNET's supplemental interrogatory 10 which states: "Were any of Comcast's facilities/cables/wires damaged as a result of the Joseph Ryan incident?" "If so describe in detail the damage." Comcast answered that when its employee arrived at the scene of the accident, the suspension stand and cable facilities were "damaged and knocked to the ground." This contradicts the visual observation of Cichocki who testified that Comcast's lines were standing, although they were sagging at the time Cichocki arrived at the scene. Cichocki also testified that at no time did he observe anyone repairing Comcast's lines, although somehow they had become separated from the UI lines and SNET's lines. SNET argues that it is reasonable to argue that the utility facilities had been handled or moved prior to Cichocki's arrival. SNET contends, therefore, that the identity of the particular lines or cables maintained by Comcast, UI and SNET that purportedly caused the vehicle driven by the plaintiff to tip over is in dispute.
"[T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment. . .". Hryniewicz v. Wilson,51 Conn. App. 440, 443, 722 A.2d 288, (1999), citing Rosario v. Hasaki,50 Conn. App. 632, 636-37, 718 A.2d 505 (1998). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382
(1971).
The apportionment defendant has presented evidence that its lines were not knocked down in the accident leading one to believe that its lines CT Page 8659 did not become entangled with the vehicle operated by the plaintiff Ryan. However, the apportionment plaintiff SNET has presented Comcast's responses to supplemental interrogatories, wherein Comcast's cable facilities and the suspension stand were knocked to the ground, which could lead one to believe Comcast's cable did become entangled with the truck.
The court finds, therefore, that there exists a genuine issue of material fact. Nolan v. Borkowski, supra, 500. The issue of causation is a question of fact for the trier of fact, A and can only become one low law a "fair and reasonable person could reach only one conclusion."Abrahams v. Young and Rubicam, Inc., supra, 307. Accordingly, the motion for summary judgment is denied.
The Court
 by ___________________ Arnold, J.