PAUL HRYNIEWICZ ET AL. *v.* WILLIAM H. WILSON
(AC 17262)

Schaller, Spear and Dupont, Js.

Argued September 23, 1998—officially released January 5, 1999

*John M. Wyzik*, for the appellants (plaintiffs).

*Bruce S. Beck*, for the appellee (defendant).

*Opinion*

SPEAR, J. The plaintiffs, Paul Hryniewicz and West Service Corporation (West Service), appeal from the summary judgment rendered in favor of the defendant. We affirm the judgment of the trial court.

This case, a petition for new trial, arises out of the plaintiffs' prior appeal to this court in *Wilson* v. *Hryniewicz*, 38 Conn. App. 715, 663 A.2d 1073, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995). The plaintiffs in the present case were defendants in *Wilson* and claimed on appeal in that case that the trial court improperly denied (1) their motion to strike and (2) their motions for directed verdict and judgment notwithstanding the verdict on count one of Wilson's complaint, which alleged that Hryniewicz and West Service had deprived Wilson of rights in violation of 42 U.S.C. § 1983. In the present case, the plaintiffs allege that they were effectively denied the right of appeal because of mispleading not due to negligence or inattention and because the "color of law" issue in the defendant's § 1983 claim was decided without testimony from agents or representatives of the department of public utility control.

The relevant facts were set out in *Wilson*. "This action arises out of a dispute between [Wilson], a developer, and [West Service and Hryniewicz], a private utility in the town of Suffield and one of its employees. [Wilson], who was developing a subdivision in Suffield, had an agreement with [Hryniewicz and West Service] wherein West Service Corporation would supply the subdivision site with water. [Hryniewicz and West Service] delayed providing water to [Wilson's] subdivision for several years. An action was initiated to resolve the question of

liability and the amount of damages allegedly resulting from the delay.

"The original complaint included three counts: the first stating a claim pursuant to 42 U.S.C. § 1983; the second stating a claim for tortious interference with contract; the third stating a claim for vexatious litigation. [Hryniewicz and West Service] filed a motion to strike the first and second counts of the original complaint. This motion was denied by the trial court and, after filing notice of intent to appeal the denial of the motion to strike, [Hryniewicz and West Service] filed an answer to the original complaint. During trial, [Wilson] amended his complaint by dropping the third count and making minor modifications in the two remaining counts. In response, [Hryniewicz and West Service] filed an answer to the amended complaint. No motion to strike the amended complaint was filed.

"After [Wilson's] case had been presented, [Hryniewicz and West Service] moved for a directed verdict on both counts. The trial court granted [Hryniewicz and West Service's] motion for directed verdict as to count two, which alleged tortious interference with contract, but denied the motion as to count one, which alleged a claim pursuant to 42 U.S.C. § 1983. After deliberations, the jury returned a verdict in favor of [Wilson] on count one, and judgment was rendered in accordance with that verdict." *Wilson* v. *Hryniewicz*, supra, 38 Conn. App. 716–17.

In *Wilson*, Hryniewicz and West Service appealed, challenging the trial court's denial of their motion to strike the first count of the original complaint. Id., 717–18. We declined to address that issue because the denial of a motion to strike the original complaint cannot be challenged on appeal after the filing of an amended complaint that the defendant answers without moving to strike. Id.

The plaintiffs claimed in this case, by way of a petition for a new trial, that the verdict in *Wilson* was unfair and unjust, and that equity demands that a new trial be ordered. The trial court granted the defendant's motion for summary judgment, and this appeal followed.

I

The plaintiffs first claim that the trial court improperly concluded that there was no genuine issue of material fact to be decided in this case. The plaintiffs argue that the defendant submitted four unsworn exhibits with the motion for summary judgment and that these exhibits cannot be used to prove that no issues of material fact exist. We disagree.

"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. *Zichichi* v. *Middlesex Memorial Hospital*, 204 Conn. 399, 402, 528 A.2d 805 (1987). Practice Book § 17-49, formerly § 384, requires that [t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . *Connell* v. *Colwell*, 214 Conn. 242, 246–47, 571 A.2d 116 (1990)." (Internal quotation marks omitted.) *General Accident Ins. Co. of America* v. *Powers, Bolles, Houlihan & Hartline, Inc.*, 50 Conn. App. 701, 707–708, 719 A.2d 77 (1998), cert. granted on other grounds, 247 Conn. 954, 723 A.2d 810 (1999). " 'While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430,

434, 429 A.2d 908 (1980); the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . *Bassin* v. *Stamford*, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992).' " *Rosario* v. *Hasak*, 50 Conn. App. 632, 636–37, 718 A.2d 505 (1998).

"To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book (1998 Rev.) §§ 17-45 and 17-46, formerly §§ 380 and 381, which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him. *Farrell* v. *Farrell*, 182 Conn. 34, 38, 438 A.2d 415 (1980); *Rusco Industries, Inc.* v. *Hartford Housing Authority*, 168 Conn. 1, 5, 357 A.2d 484 (1975)." *Inwood Condominium Assn.* v. *Winer*, 49 Conn. App. 694, 697, 716 A.2d 139 (1998).

" 'The trial court has the power to take judicial notice of court files of other actions between the same parties. *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 591, 409 A.2d 1029 (1979).' *In re Mark C.*, 28 Conn. App. 247, 253, 610 A.2d 181, cert. denied, 223 Conn. 922, 614 A.2d 823 (1992); see also *McCarthy* v. *Warden*, 213 Conn. 289, 293, 567 A.2d 1187 (1989), cert. denied, 496 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d 667 (1990) (court took judicial notice of court files from prior proceeding between parties even though files not formally made part of record at trial); *Hall* v. *Hall*, 186 Conn. 118, 124, 439 A.2d 447 (1982) (court considered previous contempt orders when considering issue of custody)." *Lowe* v. *Lowe*, 47 Conn. App. 354, 360, 704 A.2d 236 (1997).

In the present case, the factual basis for the petition for a new trial was not in dispute and was the subject

of the prior appeal. Although the plaintiffs object to the documents attached to the defendant's motion for summary judgment because they were unsworn, the documents were all contained in the original trial court file, and the defendant requested that the trial court take judicial notice of the file from the prior action. The trial court had the file from the prior case between the parties before it and could have taken judicial notice of prior proceedings giving rise to the plaintiffs' petition for a new trial. Therefore, the plaintiffs' claim is unpersuasive.

## II

The plaintiffs next claim that the trial court, in granting the defendant's motion for summary judgment, improperly determined that they were not entitled to a new trial. We disagree.

The plaintiffs' conclusion is based on the faulty legal premise that the failure to refile a motion to strike is the type of mistake that would warrant a new trial. "General Statutes § 52-270 does permit a new trial to be granted on petition upon proof of 'reasonable cause.' The basic test of 'reasonable cause' is whether a litigant, *despite the exercise of due diligence*, has been deprived of a fair opportunity to have a case heard on appeal." (Emphasis added.) *Rizzo* v. *Pack*, 15 Conn. App. 312, 317, 544 A.2d 252 (1988). As we stated in the plaintiffs' prior appeal, "Practice Book § 112 [now § 10-6] dictates the order of pleadings in a civil case. A motion to strike a complaint must precede the defendant's answer to that complaint. Pursuant to Practice Book § 113 [now § 10-7], 'the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section.' " *Wilson* v. *Hryniewicz*, supra, 38 Conn. App. 718. Although the plaintiffs claim the denial of the fair opportunity to have their claim heard on appeal, they

fail to recognize that the exercise of due diligence is a condition precedent to a finding of reasonable cause. Accordingly, we conclude that the trial court correctly held that there was no genuine issue of material fact and that the defendant was entitled to judgment as a matter of law.

The plaintiffs also raise the issue of evidentiary error, namely, that the department of public utility control or its agents should have been called as witnesses in *Wilson*, as a basis for a new trial. This issue was waived because it was not raised in their initial appeal to this court. See *Stroiney* v. *Crescent Lake Tax District*, 205 Conn. 290, 292 n.2, 533 A.2d 208 (1987); *Furtney* v. *Zoning Commission*, 159 Conn. 585, 589, 271 A.2d 319 (1970); *Nazarko* v. *Conservation Commission*, 50 Conn. App. 548, 550 n.2, 717 A.2d 850, cert. denied, 247 Conn. 940, 723 A.2d 318 (1998).

The judgment is affirmed.

In this opinion the other judges concurred.