[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought a four count complaint against Monica Ustie and her son, Daniel Ustie, for breach of contract, unjust enrichment and conversion arising out of an outstanding bill for nursing home services which Monica Ustie received. The plaintiff alleges in counts three and four that Daniel Ustie, under a power of attorney, wrongfully converted assets from his mother for his own use instead of paying the fee for the nursing facility as contractually agreed upon. The defendants moved for permission CT Page 9199 for leave to file a motion to strike. However, an answer had been filed. The defendants also moved to quash a subpoena duces tucem for certain documents pertaining to their financial accounts.
"Practice Book § 112 [now § 10-6] dictates the order of pleadings in a civil case. A motion to strike a complaint must precede the defendant's answer to that complaint. Pursuant to Practice Book § 113 [now § 10-7], the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." (Internal quotation marks omitted.) Hryniewicz v.Wilson, 51 Conn. App. 440, 445 (1999). Therefore, since the defendants waived their right to file a motion to strike, their request for leave to file a motion to strike is denied and the objection is sustained.
However, "standing implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656
(1996). The plaintiff herein is attempting to bring a claim of conversion against the defendant on behalf of another defendant. This presents a question of standing and cannot be accomplished in this factual scenario. Furthermore, "parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Jolly Inc. v. Zoning Board of Appeals, 237 Conn. 184,192 (1996). Accordingly, "[t]he trial court . . . [can determine] sua sponte that its subject matter jurisdiction [is] in question. . . ." Glastonbury Volunteer Ambulance Assn., Inc. v.Freedom of Information Commission, 227 Conn. 848, 851 (1993). In the present case, it has come to this court's attention that it lacks subject matter jurisdiction to consider counts three and four pertaining to the conversion allegation because of the lack of standing to bring such a claim.
As to the motion to quash the subpoena duces tecum, § 36a-43
of the General Statutes provides, inter alia, that a customer has standing to challenge the substantive propriety of the disclosure of his records on grounds that there is no authority for the issuance of the subpoena, or that the customer's financial records are immaterial to the investigation. Morgan v. Brown,219 Conn. 204, 211 (1991). It is this court's opinion that the records the plaintiff has subpoenaed are material to their lawsuit and therefore the motion to quash is denied. CT Page 9200
Moraghan, J.