[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action comes before the court on the defendants' motion for CT Page 6588 summary judgment on count one of the plaintiff's complaint alleging negligence. The plaintiff, Joyce Simonin, alleges that she was caused to slip and fall due to the icy and uneven surface of the parking lot owned by and through the defendants, Victor H. Szymanski and Theresa Kovaleski as trustees of the Victor Z. Szymanski living trust. The plaintiff further alleges that the defendants: (1) maintained the parking lot in a careless and negligent manner causing the premises to become dangerous and defective, (2) knew or should have known of said condition, and (3) failed to warn those legally on the property of said condition. The plaintiff's complaint contains two counts, each alleging negligent premises liability. Count one names Victor H. Szymanski and Theresa Kovaleski as trustees of the Victor Z. Szymanski living trust, which trust owns the property at issue; count two names Timothy Murawski, doing business as Arrow Drug Center #23, the lessee of the premises at issue. Szymanski and Kovaleski (the defendants) move for summary judgment on count one on the ground that there is no genuine issue of material fact and they are entitled to judgment as a matter of law. In their supporting memorandum, the defendants argue that they were not in possession or control of the premises at issue at the time of the plaintiffs alleged fall. The defendants argue that the property was leased and wholly demised to Appell Professional Corporation, which lease required the tenant to keep the premises free from snow and ice. In support of their motion, the defendants filed an affidavit of Victor H. Szymanski and a copy of the lease. The plaintiff failed to file an opposing memorandum or any documents in opposition to the defendants' motion.
The pleadings, affidavits and other documents presented on the motion for summary judgment reveal the following fact: the defendants are trustees of the Victor Z. Szymanski living trust. The trust, by and through said trustees, owns the property located at 239-241 Main Street, Terryville, Connecticut. On December 1, 1990, Victor Z. Szymanski entered into a lease with Appell Professional Corporation for the property at issue. This lease was in effect at the time of the plaintiff's alleged fall and resulting injuries on December 24, 1997. At such time, defendant Murawski was doing business on the property as Arrow Drug Center #23. In February of 1995, defendant Murawski signed amendments to the lease wherein he, as tenant, became responsible for keeping the premises free of snow and ice.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; see alsoDowling, Sr. v. Finley Associates, Inc., 248 Conn. 364, 369-70,727 A.2d 1245 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the CT Page 6589 nonmoving party." Sherwood v. Danbury Hospital, 252 Conn. 193, 201,746 A.2d 730 (2000). "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988); see alsoDubinsky v. Citicorp Mortgage, Inc., 48 Conn. App. 52, 55, 708 A.2d 226, cert. denied, 244 Conn. 926, 714 A.2d 9 (1998). "The test is whether a party would be entitled to a directed verdict on the same facts."Sherwood v. Danbury Hospital, supra, 201.
As the party moving for summary judgment, the defendant "has the burden of showing the absence of any genuine issue of material facts . . .";Ruddock v. Burrowes, 243 Conn. 569, 573-74, 706 A.2d 967 (1998); and supporting its motion with documentation, including affidavits. SeeHeymen Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 796,653 A.2d 122 (1995); see also Practice Book § 17-45. To defeat the motion, "[t]he existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." Pion v.Southern New England Telephone, 44 Conn. App. 657, 663, 691 A.2d 1107
(1997); see also Connecticut National Bank v. Great Neck Development,215 Conn. 143, 148, 574 A.2d 1298 (1990) ("the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents"). "If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant[s] [have] met [their] burden of proof." (Internal quotation marks omitted.) Associates Financial Services ofAmerica, Inc. v. Sorenson, 46 Conn. App. 721, 732, 700 A.2d 107, cert. dismissed, 245 Conn. 168, 710 A.2d 769 (1997); see also Hryniewicz v.Wilson, 51 Conn. App. 440, 444, 722 A.2d 288 (1999).
The defendants argue that although they owned the property as trustees for the Victor Z. Szymanski living trust, they were not in possession and control of the portion of the premises upon which the alleged injury took place at the time of the plaintiff's alleged fall. The defendants further argue that they owed no duty to the plaintiff and, therefore, the plaintiff cannot proceed with the instant action sounding in negligent premises liability.
"The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide." Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994); see also Santopietro v. City ofNew Haven, 239 Conn. 207, 226, 682 A.2d 106 (1996). "Where there is no legal duty, there can be no actionable negligence. Unless some relationship exists between the person injured and the defendant by which the latter owes a duty to the former, there can be no liability in negligence." Neal v. Shields, Inc., 166 Conn. 3, 12, 347 A.2d 102 (1974); see also Field v. Kearns, 43 Conn. App. 265, 278, 682 A.2d 148, cert. CT Page 6590 denied, 239 Conn. 942, 684 A.2d 711 (1996) (negligence action failed where the defendant owed no duty to the plaintiff).
The plaintiff alleges that the defendants owed her, as a person legally on the premises, a duty to maintain the property in a safe condition or warn of the dangerous condition on the parking lot surface. The plaintiff maintains that this duty arose out of the defendants' ownership, possession and control of said premises.
"[L]ilability can be predicated upon negligence in the control and possession of premises, as opposed to the mere ownership thereof." Mackv. Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974); see also Farlow v.Andrews Corp., 154 Conn. 220, 225, 224 A.2d 546 (1966) (premises liability is not based on title, but on possession and control of the premises). "The determining of whether a lessor has retained control over the leased premises is a question of fact, unless it is definitely expressed in the lease." Lundfelt v. Rocky River Realty, Co., Inc., Superior Court, judicial district of New London, Docket No. 536994 (June 22, 1999, Mihalakos, J.); see also Martel v. Malone, 138 Conn. 385,388-89, 85 A.2d 246 (1951) (whether a landlord has retained control over an area can be determined by the parties' intent expressed in the lease). "[W]here there is definite contract language, the determination of what the parties intended by their contractual commitments is a question of law." Issler v. Issler, 250 Conn. 226, 235, 737 A.2d 383 (1999). "If the language of the lease definitely establishes that the landlord did not reserve control of that portion of the premises which is claimed to have been defective and caused injury, then the defendant landlord is entitled to prevail on the motion." Nicholas v. Stop Shop, Superior Court, judicial district of Milford, Docket No. 058784 (December 3, 1998,Corradino, J.).
Here, the terms of the lease clearly reveal that the tenant was in possession and control of the premises, including the portion which is claimed to have been defective and caused injury. The lease provides, in pertinent part, that the landlord demised and leased to the tenant, and that the tenant accepted the premises together with the nonexclusive right to use all of the parking areas and driveways. See Lease Article II. The lease also required the tenant to maintain and repair all parts of the premises; see Lease § 5.1; as well as "indemnify and save harmless landlord from and against all claims or whatever nature arising from any . . . negligence of [the] [t]enant." Lease § 7.1. In addition, upon the tenant paying rent and upon observance and performance of all the covenants, terms and conditions on its part, the landlord agreed that the tenant shall lawfully, peaceably and quietly hold occupy, and enjoy the premises for the lease term without hindrance or interruption by the landlord. See Lease § 18.2. Finally, the lease CT Page 6591 designates specific maintenance responsibilities to the tenant pursuant to paragraph 4 of the amendments of the lease, providing that the "[t]enant shall be required at its sole cost and expense to keep the premises free from ice and snow." Amendments of Lease, ¶ 4.
Upon review of the documents submitted by the defendants, and in the absence of any opposing documents from the plaintiff, the court finds that the language in the lease is clear and undisputed, leaving no further issues of material fact for the court to decide. Based on the facts presented in the pleadings, affidavits and other documents, the defendants were not in possession and control of the property at the time of the alleged injury, relieving the defendants of any duty to the plaintiff and entitling them to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment on count one of the plaintiffs complaint is hereby granted.
BY THE COURT
Hon. Andre M. Kocay, J.