[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This action comes before the court on the plaintiff's motion for summary judgment on the ground that no genuine issue of material fact exists as to whether the defendant was under the influence of an intoxicating liquor while operating his motor vehicle and caused serious physical injury to the plaintiff. The plaintiff, Steven Griswold, claims that pursuant to the doctrine of collateral estoppel the defendant, Lloyd McCarthy II, should be precluded from relitigating the same facts that were established in the prior criminal trial against this defendant.
The pleadings, affidavits and other documents submitted reveal the following facts. On October 10, 1998, while the plaintiff was stopped at a red light in Farmington, Connecticut, his vehicle was struck from behind by a vehicle owned and operated by the defendant. (See Plaintiff's Exhibit C, complaint, August 24, 1999; Exhibit A, certified trial transcript; pp. 6-8; Affidavit of Steven Griswold, January 5, 2000, ¶ 3.) At such time, the defendant was operating his vehicle under the CT Page 12703 influence of an intoxicating liquor. (See Exhibit A, certified trial transcript, pp. 8-9, 35; Exhibit B, certified copy of criminal conviction, June 4, 1999 (criminal conviction).[1]) As a result of the collision, the plaintiff suffered serious physical injury. (See Exhibit B, criminal conviction.[2])
The defendant was arrested at the scene of the collision and charged with assault in the second degree with a motor vehicle, a class D felony codified in General Statute § 53a-60d.[3] (See Exhibit A, certified trial transcript, p. 35; Exhibit B, criminal conviction.) On March 18, 1999, a criminal jury trial commenced in the Superior Court of the judicial district of Hartford at West Hartford. (See State v. McCarthy, Docket Nos. H16W-CR99-0098060 and H16W-MV98-0292366.) On June 4, 1999, the jury found the defendant guilty of assault in the second degree with a motor vehicle.[4] (See Exhibit B, criminal conviction.)
On August 24, 1999, following the criminal conviction, the plaintiff filed a two count civil complaint seeking damages for serious physical injuries allegedly caused by the collision. Count one of the complaint sounds in negligence alleging that the defendant failed to keep his vehicle under proper and reasonable control, failed to keep a proper and reasonable lookout for other motor vehicles on the highway and failed to apply the brakes in time to avoid the collision. The plaintiff also alleges statutory violations in that the defendant operated his vehicle: (1) at an unreasonably fast rate of speed in violation of § 14-218a; (2) recklessly and at such a rate of speed as to endanger the life of the plaintiff in violation of § 14-222; (3) while under the influence of intoxicating liquor in violation of § 14-227a(a); and (4) while his ability to operate such vehicle was impaired by the consumption of intoxicating liquor in violation of § 14-227a (b). Count two of the plaintiff's complaint sounds in recklessness alleging that the defendant deliberately or with reckless disregard operated his motor vehicle in violation of §§ 14-218a, 14-222 and 14-227a(a), as listed above in the statutory violations under negligence.
The defendant raises the special defense of contributory negligence in his answer filed on October 8, 1999, alleging that if the plaintiff sustained injuries and losses, they were proximately caused by the plaintiff's own negligent and/or careless acts and/or omissions. The plaintiff filed a reply denying all allegations of contributory negligence.
On January 18, 2000, the plaintiff filed a motion for summary judgment on the ground that no genuine issue of material fact exists as to whether the defendant operated his motor vehicle under the influence of an intoxicating liquor and that the defendant caused serious physical injury CT Page 12704 as a result thereof. The plaintiff also filed a memorandum of law in support of the motion, together with documentary evidence.[5] The plaintiff argues that the defendant was represented by counsel throughout the criminal trial and had a full and fair opportunity to vigorously litigate the facts. Therefore, the plaintiff argues the defendant is precluded from relitigating the same facts that have already been established in the criminal trial pursuant to the doctrine of collateral estoppel.
On March 13, 2000, the defendant filed a memorandum in opposition arguing that there are material facts in dispute. The defendant argues that the criminal conviction should not be given preclusive effect because he did not have an opportunity to fully and fairly litigate the issues presented in the criminal trial, specifically, the claim that he was under the influence of intoxicating liquor at the time of the accident. He also argues that he had no opportunity to litigate the issue of damages and there is insufficient evidence before the court on which to find summary judgment in that regard. The defendant also claims that issues of fact exist with respect to his special defense of contributory negligence pleaded in his answer. Finally, the defendant argues that the criminal conviction is not a final judgment as it is presently on appeal and, therefore, cannot be used for the purposes of collateral estoppel.
The court heard oral argument at short calendar on May 30, 2000, and now issues this memorandum of decision.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. [See] Practice Book § 381 [now § 17-46]. . . ." (Citations omitted; internal quotations marks omitted.) Rivera v. DoubleA Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
As the party moving for summary judgment, the plaintiff "has the burden of showing the absence of any genuine issue of material facts . . .";Ruddock v. Burrowes, 243 Conn. 569, 573-74, 706 A.2d 967 (1998); and supporting its motion with documentation, including affidavits. SeeHeymen Associates No. 1 v. Ins. Co. of Pennsylvania, 231 Conn. 756, 796, CT Page 12705 653 A.2d 122 (1995); see also Practice Book § 17-45. To defeat the motion, "the nonmovant must recite specific facts which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) Connecticut National Bank v. Great Neck Development,215 Conn. 143, 148, 574 A.2d 1298 (1990); see also Hryniewicz v. Wilson,51 Conn. App. 440, 444, 722 A.2d 288 (1999). "If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) AssociatesFinancial Services of America, Inc. v. Sorenson, 46 Conn. App. 721, 732,700 A.2d 107, cert. dismissed, 245 Conn. 168, 710 A.2d 769 (1997); see also Hryniewicz v. Wilson, supra, 444
"[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding. . . ." Dowling, Sr. v. Finley Associates, Inc., 248 Conn. 364, 373,727 A.2d 1245 (1999). "[T]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Internal quotation marks omitted.)Mazziotti v. Allstate Ins. Co., 240 Conn. 799, 812, 695 A.2d 1010
(1997). "Collateral estoppel applies to both criminal and civil proceedings." State v. James, Superior Court, judicial district of Waterbury at Waterbury, Docket No. CR4-235106 (April 23, 1997, Damiani,J.). "Where an issue of ultimate fact (1) was fully and fairly litigated in a prior action between the parties, (2) was actually decided by the court in that prior action, and (3) was necessary to the judgment rendered in the prior action, that factual determination may be given collateral estoppel effect in a subsequent action between the parties." (Internal quotation marks omitted.) Carnese v. Middleton,27 Conn. App. 530, 540-41, 608 A.2d 700 (1992), citing Aetna Casualty andSurety Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991).
"In determining which issues of ultimate fact have been determined by the jury's guilty verdict . . . the court should examine the record of the prior proceeding, taking into account the pleadings, the evidence, the charge, and other relevant matter[s], and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the [plaintiff] seeks to foreclose from consideration." State v. James, supra, Superior Court, Docket No. CR4-235106. "To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [defendant] is attempting to relitigate those facts in the second proceeding." (Internal quotation marks omitted.) Aetna Casualty and SuretyCo. v. Jones, supra, 220 Conn. 297. "To assert successfully the doctrine of [collateral estoppel], therefore, a party must establish that the issue sought to be foreclosed actually was litigated and determined in CT Page 12706 the prior action . . . and that the determination was essential to the decision in the prior case." Dowling, Sr. v. Finley Associates, Inc., supra, 248 Conn. 373.
The plaintiff's memorandum in support of his motion argues three points of law. First, the plaintiff discussed the preclusive effect of collateral estoppel. The plaintiff argues that Connecticut follows the rule that "a prior conviction estops a party in a later civil suit from contesting the facts necessarily established in the criminal proceeding" and cites Griffin v. Parker, 22 Conn. App. 610, 623, 579 A.2d 532
(1990), rev'd on other grounds, 219 Conn. 363, 593 A.2d 124 (1991), as standing for this proposition. The plaintiff then argues that Connecticut has abandoned the doctrine of mutuality as a prerequisite in the context of collateral estoppel citing Aetna Casualty and Surety Co. v. Jones, supra, 220 Conn. 302. He properly argues that our courts no longer find it necessary that "in order for collateral estoppel to apply, the adversaries in the second action must have been party adversaries in the first action." Griffin v. Parker, supra, 615. Finally, the plaintiff argues that the pendency of the defendant's appeal of his criminal conviction does not deprive the plaintiff of the right to invoke collateral estoppel and cites federal and Pennsylvania case law in support thereof.
The plaintiff's memorandum fails to identify the facts that he seeks to have proven by way of imposing collateral estoppel principles. The plaintiff fails to identify those facts and issues that are crucial to prevailing on his present causes of action in negligence and recklessness and which he seeks to have foreclosed through collateral estoppel. He also neglects to establish that such issues were actually "litigated and determined in the prior action . . . and that the determination was essential to the decision in the prior case." Dowling, Sr. v. FinleyAssociates, Inc., supra, 248 Conn. 373.
The plaintiff also submitted a certified copy of the defendant's conviction of § 53a-60d. In order to convict the defendant, the jury must have heard sufficient evidence throughout the criminal trial to determine beyond a reasonable doubt that the defendant was operating a motor vehicle under the influence of intoxicating liquor or any drug or both and he caused serious physical injury to another person as a consequence of the effect thereof. Although it can be established that these facts where necessarily determined in the prior proceeding, the evidence of the criminal conviction alone does not identify the facts that the plaintiff seeks to prove in the present civil action, nor does it prove what facts were actually litigated and necessarily determined in the prior action.
CT Page 12707 Finally, the plaintiff submitted six pages of the certified trial transcript from the criminal trial, in which an unidentified witness[6]
testified that she: (1) "observed a Cadillac with heavy front end damage in back of another car and . . . a man standing near the driver's door of the car"; (Exhibit A, trial transcript, p. 6); which man was identified as the defendant; (2) saw the plaintiff sitting in his vehicle "in pain" and removed by "medical personnel"; (Exhibit A, trial transcript, p. 7); and (3) smelled liquor on the defendant's breath and was told by the defendant that he had consumed "a couple"; (Exhibit A, trial transcript, p. 8-9); which the witness inferred to mean a couple of alcoholic beverages. The last page of the transcript memorializes the arresting officer's observations in which he testified that the defendant was not fit to drive and was placed under arrest at the scene of the accident.[7]
(See Exhibit A, trial transcript, p. 35.) Again, in the absence of any identification of issues, this testimony alone is insufficient to establish which issues were actually litigated and necessary to the decision in the criminal trial.
Based on the evidence provided by the plaintiff, the court cannot determine what facts were necessarily determined in the first trial or assess whether the defendant is attempting to relitigate those same facts in the present action. See Aetna Casualty and Surety Co. v. Jones, supra, 220 Conn. 297. As a result, the court cannot determine whether the issues in the prior and present proceedings that the plaintiff seeks to foreclose through collateral estoppel are identical. See Mazziotti v.Allstate Ins. Co., supra, 240 Conn. 813.
The defendant raises the issue of damages and the special defense of contributory negligence as issues that were not litigated in the prior proceeding but submits no counteraffidavits to support his claim that genuine issues of material fact exists on these issues. As the plaintiff fails to meet his burden on the motion, the court need not address the merits of the defendant's argument.
The evidence presented in support of the motion is insufficient to show that no genuine issues of material fact exist and, accordingly, the plaintiff's motion for summary judgment is denied without prejudice.
BY THE COURT
Hon. Andre M. Kocay, J.