[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #103
On July 6, 2000, the plaintiff Paul McManus filed a complaint in Superior Court, Small Claims Session, alleging that he is owed $915 by defendant Family Dental Group for the cost of a defective crown, expenses for multiple visits to the defendant's office, and worthless work on a bridge repair.
On July 12, 2000, Harold Gaynor, a general dentist employed by the defendant, filed an answer denying the plaintiff's claims claiming that CT Page 16125 the plaintiff failed to specify which tooth served as the basis for his complaint and that all dental work performed by him followed established procedures and resulted in excellent restorations.
On July 28, 2000, the defendant filed a motion to transfer the case to the regular civil docket. The motion was granted on August 9, 2000. Also on July 28, 2000, the defendant filed an amended answer and special defenses denying each and every allegation of "negligence." The two special defenses are (1) the plaintiff failed to file a good faith certificate as required by § 52-190a; and (2) the plaintiff's allegations are "insufficient" due to his failure to support such claims with expert opinion testimony as required by General Statutes §52-184c.
On August 24, 2000, the defendant filed a motion to strike the plaintiff's complaint on the ground that the plaintiff's claims are legally insufficient due to the plaintiff's failure to file a good faith certificate in a medical malpractice action as required by § 52-190a. The plaintiff failed to file a memorandum of law in opposition to defendant's motion to strike pursuant to Practice Book § 10-42.[1]
"[A] motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. . . ." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516,522, 753 A.2d 927 (2000). In ruling on a motion to strike, the court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Lombard v. EdwardJ. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
While the defendant argues that the plaintiff's complaint is legally insufficient because he failed to attach a good faith certificate as required by § 52-190a, this court does not interpret the plaintiff's complaint to be one sounding in medical malpractice. The plaintiff simply seeks the cost of the defective crown, expenses for multiple office visits, and the cost for worthless work on a bridge repair. The motion to strike on the ground that the plaintiff failed to file a good faith certificate is therefore denied.
Additionally, the motion to strike is procedurally defective because the defendant filed an answer and two special defenses prior to filing the motion to strike. "A challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint." BurkeCT Page 16126v. Avitabile, 32 Conn. App. 765, 769, 630 A.2d 624, cert. denied,228 Conn. 908, 634 A.2d 297 (1993); Practice Book § 10-6.[2]
"Pursuant to Practice Book § [10-71, the filing of any pleading provided for by [Practice Book § 10-6] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." (Internal quotation marks omitted.) Hryniewicz v. Wilson, 51 Conn. App. 440, 445,722 A.2d 288, cert. denied, 248 Conn. 904, 731 A.2d 310 (1999).
Based on the foregoing, the motion to strike is denied.
The Court
By ___________________ Grogins, J.