[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision re Motion for Summary Judgment
This matter comes before the court on a motion for summary judgment filed by the defendant, Indemnity Insurance Company of North America ("IINA"). IINA issued a homeowners policy to the plaintiff, which policy is the subject of the claim of plaintiff's against this defendant, for coverage.
"Practice Book § 17-49 . . . requires that [t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of CT Page 3129 law." (Citation omitted; internal quotation marks omitted.) Hryniewiczv. Wilson, 51 Conn. App. 440, 443, 722 A.2d 288 (1999). "A "material' fact is a fact that will make a difference in the result of a case."River Dock Pile, Inc. v. Ins. Co. of North America, 57 Conn. App. 227,231, 747 A.2d 1060 (2000).
"[T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment. . . ." (Internal quotation marks omitted.) Hryniewicz v. Wilson, supra, 51 Conn. App. 443. "It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute." (Emphasis in original; internal quotation marks omitted.) Gambardella v. Kaoud, 38 Conn. App. 355, 358,660 A.2d 877 (1995).
Correspondingly, "the party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Hryniewicz v. Wilson, supra,51 Conn. App. 443-44. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts in accordance with Practice Book (1998 Rev.) §§ 17-45 and 17-46 . . . which contradict those stated in the movant's affidavits and documents and show that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him." (Internal quotation marks omitted.) Id., 444. "[A] party may not rely on mere speculation or conjecture as to the trite nature of the facts to overcome a motion for summary judgment." (Internal quotation marks omitted.) Norse Systems, Inc. v. TingleySystems, Inc., 49 Conn. App. 582, 591, 715 A.2d 807 (1998). Daly v.Shawmut Bank, 58 Conn. App. 427, 439-430, ___ A.2d ___ (2000).
The policy in effect for the period of time at issue contained the following coverage exclusion: "Watercraft. We will not cover claims that arise because you or another covered person owns. . . . Nor will we cover claims that arise from a watercraft powered by one or more outboard motors with more than 25 total horsepower owned by you or another covered person before the start of this policy period, unless such coverage is described on the Summary of Coverages page and additional premium is charged You or a household member may have acquired one or more outboard motors with more than 25 total horsepower before the start of the policy period but not covered them under this policy. If so, they can be covered by telling us in writing within 45 days from the time the motor or motors were acquired, and that you intend to insure them."
The policy period at issue here is March 7, 1995 to March 7, 1996. On CT Page 3130 August 26, 1995, the plaintiff, Thomas Adams was involved in a boating accident in which another person was injured. That individual has brought suit against the plaintiffs here for damages arising out of the boating accident. The boat in question was operated by the plaintiff Thomas Adams at the time of the accident. The vessel was a 1973 Boston Whaler powered by an Evinrude outboard motor. The policy issued by IINA had no additional endorsements or premiums charged for the excess horsepower of the boat's engine.
The defendant's motion for summary judgment claims that there is no material issue of fact and therefore summary judgment should lie. The plaintiffs provided an affidavit in support of their memorandum in opposition which addresses the factual claim of the defendants that the policy excludes the incident in question because of the engine horsepower. The affidavit essentially claims that the rated horsepower was not the actual horsepower of the engine. The affiant, Gerrit Johan van Dissel is a naval architect and marine engineer with over 50 years experience. He did not examine the engine in question. He related the rating practices and testing procedures in the boating industry. He indicated that most engine retailers utilize a testing standard of the National Marine Manufacturers Association ("NMMA") for rating an engine's horsepower. He explained the variables involved that effect an engine's performance; they include: the ambient air temperature and humidity, the quality and newness of the spark plugs, the gasoline and lubricating mix ratio, and the cleanliness of the engine and whether deposits are present in the cylinders. It is van Dassel's assertion that manufacturers test their engines for horsepower only where these factors are under the most optimum condition. Then the horsepower advertised, he claims is a result of the tests of several engines, and so the advertised horsepower can vary up to 10% from the value that may result from the testing of any one of the sample engines. Considering that an outboard motor operated in the "field", or in actuality, will likely not have these optimum conditions, van Dassel states in his affidavit that their actual horsepower output will be reduced. Further, he infers that the variations in the manufacture and assembly of the motor will adversely effect the horsepower output. Finally van Dissel sees the manufacturer's advertised rating only as a marketing tool, and, an unknowing consumer has no way to verify the manufacturer's rating.
Finally, van Dissel, having never examined the engine subject to the coverage issue between the parties, opines that the horsepower of the outboard motor owned by the plaintiffs should be "derated from the advertised figure by a factor in excess of 25 percent". He then goes on to opine, "based on his education and experience and based on the information available to him at this time appraises the actual output of the outboard motor involved in the above captioned case at 21 CT Page 3131 (twenty one) horsepower." The plaintiff argues that there is, therefore, a material fact at issue on the coverage claim.
The insurance policy at issue does not define horsepower. According toBallentine's Law Dictionary, horsepower is defined as," A unit of measure first used in reference to steam engines but now employed for other engines and motors. The unit in estimating the power required to drive machinery." The refinement that van Dissel seeks the court to make is between the rated horsepower of the engine in question and its actual horsepower output. Ballentine defines "horsepower rating" as "the rating of a watercraft or vehicle according to the horsepower of its motor or engine, sometimes noted for purposes of identification in licensing." There is no factual disagreement that the rated horsepower of the Evinrude engine was 30 horsepower. There is no factual disagreement that the rated horsepower of the Evinrude engine was in excess of the coverage and therefore subject to exclusion under the plaintiff's insurance policy with the defendant.
The plaintiffs, therefore, assert that the factual disagreement is the definition applied to the horsepower in the insurance policy endorsement. The plaintiffs assert that the definition applied should be to the actual horsepower output of the engine. Unfortunately, van Dissel's analysis does not provide a basis for his conclusion that the engine in question had an output of 21 horsepower at the time of the accident, van Dissel did not examine the engine, nor did he know any of the following regarding that engine on the day of the accident: the quality or age of the spark plugs, the fuel/lubricating mixture utilized, the presence or absence of sediment in the cylinders, or the cleanliness of the spark plugs. Nor did he know the air temperature, air pressure, air humidity and water vapor pressure on the day in question. Accordingly his opinion as to the actual horsepower output of the engine on the day in question is based upon mere conjecture and lacks reliability.
It is just these variables that make it unreasonable for this court to assume that the determination of insurance coverage for this engine might be based on anything but the rated horsepower of the engine. It is the only, relevant and ascertainable measurement of the engine's horsepower available to the insurer and the insured for the entire period that the policy portended to cover.
While van Dissel's affidavit raises interesting issues, none of them are sufficient for this court to find that there is a material issue as to fact as to the horsepower of the engine subject of this dispute. The parties agree that the defendant IINA's motion for summary judgment turns on this question. Accordingly, the court grants the motion for summary CT Page 3132 judgment.
So ordered.
The Court
By Munro, J.