[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: Motions to Strike #165 #167
In 1997, the plaintiff, Patricia J. Greathouse, a pro se party, brought this action against the defendant, Carroll A. Greathouse, now deceased,[1] seeking to quiet title to real property (the premises) located in Stamford, Connecticut. On August 6, 1999, the defendant, Carroll A. Greathouse, filed an answer and special defenses.[2]
On October 3, 2001, the substituted defendant,[3] Robert L. Schweiger, acting in his capacity as the executor of the estate of Carroll A. Greathouse (hereinafter, the defendant), filed two motions to strike. The defendant's motions assert the grounds of nonjoinder of parties and misjoinder of parties, respectively. The defendant has filed memoranda of law in support of its motions and the plaintiff has filed memoranda of law in objection thereto.[4]
Before addressing defendant's motions, this court will review the plaintiff's complaint,[5] which contains the following pertinent allegations. The plaintiff is the natural daughter of Eileen Greathouse, now deceased. Carroll A. Greathouse is the ex-husband of Eileen CT Page 1219 Greathouse. Eileen Greathouse and Carroll A. Greathouse were married in 1952. Eileen Greathouse purchased the subject premises some time prior to 1970. In 1977, the marriage between Eileen Greathouse and Carroll A. Greathouse was dissolved. Thereafter, on or about December 15, 1989, Eileen Greathouse executed a quitclaim deed (the 1989 deed) purporting to convey her interest in the premises to herself and Carroll A. Greathouse, as joint tenants with a right of survivorship, and said instrument was recorded in the Stamford land records in 1990. Eileen Greathouse died on April 19, 1997. Consequently, Carroll A. Greathouse purported to succeed to Eileen Greathouse's interest in the premises. The purported conveyance of the premises from Eileen Greathouse to Carroll A. Greathouse is invalid, void or voidable, for various reasons. The plaintiff is an heir-at-law to Eileen Greathouse and as such, title to the premises passed by operation of law to the plaintiff at the time of Eileen Greathouse's death.
In her prayer for relief, the plaintiff seeks, among other things, (1) to have the 1989 deed declared void, (2) a judgment determining that Carroll A. Greathouse has no interest in the premises, and (3) a judgment determining that Carroll A. Greathouse holds title subject to a constructive or resulting trust in favor of the estate of Eileen Greathouse.
Motion to Strike #167: Nonjoinder
First, this court will address the defendant's motion to strike for nonjoinder of parties. The defendant's motion requests that the plaintiff's complaint be stricken because it fails to name necessary or indispensable parties. Specifically, the defendant asserts in its motion that on November 14, 2000, after the commencement of this action but prior to his death, Carroll A. Greathouse executed quitclaim deeds and thereby conveyed his interest in the premises to Sheila Greathouse, Michael Arrese and Linda Arrese,[6] such that, at the time of his death, neither Carroll A. Greathouse nor his estate had any interest in the premises. Furthermore, the defendant's motion lists the residences of Sheila Greathouse and Michael Arrese (hereinafter, the grantees), and identifies them as necessary or indispensable parties. See Practice Book § 10-39(b).[7]
Preliminarily, this court notes that "the court is permitted to look at facts outside the pleadings when the basis of a motion to strike is for nonjoinder." Covered Wagon, Inc. v. Roubos, Superior Court, judicial district of Danbury, Docket No. 318301 (May 21, 1996, Mihalakos, J.)[8]
"[T]he exclusive remedy for nonjoinder of [necessary] parties is by motion to strike. . . . This exclusive remedy applies to nonjoinder of indispensable parties." (Citations omitted; internal quotation marks CT Page 1220 omitted.) George v. St. Ann's Church, 182 Conn. 322, 325, 438 A.2d 97
(1980); see also Practice Book § 11-3; Practice Book § 10-39 (a)(3). "[A] party is necessary if its presence is absolutely required in order to assure a fair and equitable trial." (Emphasis added; internal quotation marks omitted.) Biro v. Hill, 214 Conn. 1, 6, 570 A.2d 182
(1990). "Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final disposition may be inconsistent with equity and good conscience." (Emphasis added.) Hilton v. City of New Haven, 233 Conn. 701,722, 661 A.2d 973 (1995).
In its memorandum, the defendant argues that the grantees are the record owners of the premises, that they presently manage and operate the premises and therefore, they are necessary or indispensable parties. In response, the plaintiff argues that the defendant's motion should be denied: (1) because it was untimely filed, in violation of Practice Book § 10-6; (2) because the grantees are treated as parties by application of General Statutes § 52-325 (regarding notice of lis pendens)[9] and therefore, it is unnecessary to join them in this action; and (3) because Practice Book § 9-18 enables any grantee to move the court in order to be made a party in this action.
"A challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint." Burke v. Avitabile,32 Conn. App. 765, 769, 630 A.2d 624, cert. denied, 228 Conn. 908,634 A.2d 297 (1993); see also Practice Book § 10-6.[10]
Furthermore, "[p]ursuant to Practice Book § [10-7],[11] the filing of any pleading provided for by [Practice Book § 10-6] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." (Internal quotation marks omitted.) Hryniewicz v. Wilson,51 Conn. App. 440, 445, 722 A.2d 288 (1999); see also Reilly v. Miano, Superior Court, judicial district of Middlesex at Middletown, Docket No. 75432 (March 22, 1999, Arena, J.) (defendant's motion to strike brought on ground of nonjoinder of parties denied because defendant previously filed answer and thereby waived right to file motion to strike thereafter); Carpenter v. Rand, Superior Court, judicial district of New London at New London, Docket No. 543855 (April 2, 1998, Handy, J.) (21 Conn.L.Rptr. 605) (stating that "[t]he defendant is now precluded from filing [a motion to strike for nonjoinder of a necessary party] because the answer has already been filed."); Bingman v. New Milford Bd., Education, Superior Court, judicial district of Litchfield, Docket No. 0056899 (October 26, 1992, Pickett, J.) (finding that defendant waived right to plead issue of nonjoinder of necessary parties under the proper CT Page 1221 order of pleadings).
Nevertheless, because of the language in Practice Book § 10-7,[12]
stating, "when the judicial authority does not otherwise order," the court has some discretion to allow the parties to file pleadings out of order. See Sabino v. Ruffolo, 19 Conn. App. 402, 404, 562 A.2d 1134
(1989). This discretion may be invoked by a court even after the moving party has filed its pleadings out of order. See Fleet National Bank v.Suares, Superior Court, judicial district of Norwalk at Stamford, Docket No. 172858 (September 28, 2000, Hickey, J.); Tersavich v. Stewart, Superior Court, judicial district of Tolland at Rockville, Docket No. 66403 (June 17, 1999, Stengel, J.).
In this case, an answer was filed on August 6, 1999, by the original defendant, Carroll A. Greathouse, now deceased. Notwithstanding the discretionary language contained in Practice Book § 10-7, this court finds that the filing of said answer precludes the defendant executor of the estate of Carroll A. Greathouse from filing a motion to strike, unless and until the plaintiff amends her complaint. See Practice Book §§ 10-6, 10-61. This court recognizes that the circumstances giving rise to the ground asserted in the motion to strike, specifically, the ground of nonjoinder, did not arise until after the answer was filed. Furthermore, this court notes that on January 31, 2001, the plaintiff requested leave to amend her complaint and also moved to cite the grantees in as necessary party defendants, and the court denied said request and motion without prejudice.[13] As of the date of this memorandum of decision, however, the plaintiff has failed to file an amended complaint. See Practice Book § 10-60(a)(3).
In light of the circumstances outlined above, this court finds that the plaintiff, a pro se party, should be afforded a reasonable opportunity to file a motion to cite in any necessary or additional parties pursuant to Practice Book § 9-22, and to file a request to amend her complaint pursuant to Practice Book § 10-60(a)(3). Upon the failure of the plaintiff to do so within thirty days of the date of this memorandum of decision, this court will exercise its discretion pursuant to Practice Book § 10-7, and it will consider any motion to strike filed by the defendant on the ground of nonjoinder of parties, if said motion is placed by the defendant on the short calendar. See generally Meredith v.Police Commission, 182 Conn. 138, 140-41, 438 A.2d 27 (1980) (stating that trial court may afford a plaintiff a reasonable opportunity to cite in necessary parties, and upon a plaintiff's failure to do so, court could have stricken complaint for nonjoinder of necessary parties). Accordingly, the defendants motion to strike for nonjoinder of necessary of parties is hereby denied without prejudice. CT Page 1222
Motion to Strike #165: Misjoinder
Next this court will address the defendant's motion to strike on the ground of misjoinder of a party. Specifically, the defendant's motion requests that the estate of Carroll A. Greathouse be stricken as a defendant in this action,[14] because it is neither a necessary nor an indispensable party. The defendant concedes that Carroll A. Greathouse was the record owner of the premises at the commencement of this action but contends that at the present time, by virtue of a series of quitclaim deeds executed by Carroll A. Greathouse on November 14, 2000, the estate has no legal or equitable interest in the premises. Thus, the defendant concludes that there is no relief that can be obtained by the plaintiff against the defendant, since the premises is not an asset of the estate. In response, the plaintiff argues, among other things, that the defendant's motion should be denied: (1) because it was untimely filed, in violation of Practice Book § 10-6; and (2) because Carroll A. Greathouse, now deceased, was properly joined in this action therefore, the executor of the estate of Carroll A. Greathouse is a proper and necessary party in this action.
"The exclusive remedy for misjoinder of parties is by motion to strike." Zanoni v. Hudon, 42 Conn. App. 70, 73, 678 A.2d 12 (1996); see also Practice Book § 11-3. "Naming an improper person as a party in a legal action constitutes misjoinder." Zanoni v. Hudon, supra,42 Conn. App. 73, citing Hartford v. Local 308, 171 Conn. 420, 429,370 A.2d 996 (1976). "[M]isjoinder refers to parties who may not be joined under . . . [Practice Book § 9-6][15] and is waivable if not timely raised." W. Moller W. Horton, Practice Book Annotated, Superior Court Civil Rules (4th Ed. 1998) § 9-19, author's comments, p. 314., citing Thibault v. Frechette, 135 Conn. 170, 172, 62 A.2d 863 (1948). As noted by this court above, "[a] challenge to the legal sufficiency of a complaint, through a motion to strike, must be pleaded and ruled on before the defendant files an answer to the plaintiff's complaint." Burkev. Avitabile, supra, 32 Conn. App. 769; see also Practice Book §10-6. Furthermore, the filing of any pleading provided for by Practice Book § 10-6 will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section. Hryniewicz v. Wilson, supra,51 Conn. App. 445.
In this case, an answer was filed on August 6, 1999, by the original defendant, Carroll A. Greathouse, now deceased. Consequently, this court finds that the filing of said answer precludes the defendant executor of the estate of Carroll A. Greathouse from filing a motion to strike on the ground of misjoinder, unless and until the plaintiff amends her complaint. See Practice Book §§ 10-6, 10-60, 10-61. Accordingly, the CT Page 1223 defendant's motion to strike on the ground of misjoinder is hereby denied.
In summary, the defendant's motion to strike on the ground of nonjoinder is hereby denied without prejudice, and the is hereby denied.
HICKEY, J.T.R.